CRANE and others *vs.* FRENCH and WILKINS.

WAKEMAN *vs.* FRENCH, impleaded with WILKINS.

Crane
v.
French.

MOTION to direct the sheriff as to the appropriation of monies levied by execution. French and Wilkins being indebted to Wakeman, French, on the 7th day of March, 1828, indorsed his appearance on a capias made out against him and Wilkins, in favor of Wakeman, returnable on the *first* day of March, and executed a warrant of attorney under seal, authorizing an attorney of this court to appear for him, file common bail, and confess judgment for $1463 56. The sheriff of Saratoga indorsed a return of *non est inventus* upon the capias as to Wilkins. The plaintiff declared against French as in custody, &c. and Wilkins not found, upon a capias issued in the cause, and set forth a cause of action against them as co-partners. The declaration, together with a cognovit by French and a common bail piece, were filed on the 8th March, and on the same day a judgment roll was filed in the suit, judgment being taken *against both defendants.* On the 8th June, an execution was issued on the judgment thus entered, and levied upon merchandise, the *joint property* of French and Wilkins. At the last August term, the defendants applied to this court to set aside the judgment and execution for irregularity, which motion was denied; but the court ordered that the plaintiff should sell *only* the interest which French might have in the property levied upon, in the same manner as if the judgment was against him individually, and not otherwise.

At the present term, the plaintiffs in the cause first above entitled, present their application, stating, that on the 10th June last, the defendants, French and Wilkins, executed to

*Where one of two partners indorsed his appearance on a capias against himself and his partner after the return day, and then gave a cognovit on which a judgment was entered against both partners, as in a proceeding under the statute against joint debtors where one is taken and the other not found, and an execution issued on which the partnership property was taken; and the partners subsequently united in confessing a judgment to other creditors, on which an execution also issued, which was levied on the same property; it was held, that the plaintiffs in the last execution were entitled to the proceeds of the sale of the property; that one part-*

ner cannot confess a voluntary judgment which will be obligatory upon his co-partner, unless actually brought into court by a regular service of process against him and his partner; that though the judgment was valid against the partner confessing, *only* his property and his interest in the partnership effects could be sold on an execution issued on such judgment, which interest is his share of the surplus after the partnership accounts are taken; that from the manner in which the plaintiff in the first judgment obtained his judgment, he is a creditor of one partner only, whilst the others, being creditors of the firm, are entitled to a preference.

ALBANY,
Oct. 1828.

Crane
v.
French.

them a bond and warrant of attorney, conditioned for the payment of $8000, due from the defendants as co-partners to the plaintiffs, on which a judgment was entered and execution issued. That the sheriff of the county of Saratoga has sold the partnership property of the defendants, amounting to about $2000, and asks the direction of this court as to the appropriation of the money, and they, the plaintiffs in the first cause, ask for a rule directing the sheriff to pay over the monies to them. On the part of Wakeman, the plaintiff in the second above entitled cause, it was shewn that the judgment confessed by French, was for a partnership debt owing by French and Wilkins.

*J. P. Cushman,* for plaintiffs in first above entitled cause.

*M. T. Reynolds,* for plaintiffs in second above entitled cause.

*By the Court,* SAVAGE, Ch. J. The correctness of the decision of the last term, is manifest from the facts of the case. The ceremony of issuing a writ after the return day, and procuring French's admission of service and promise to appear, and then the sheriff's return, was perfectly inoperative and void as to Wilkins. By the 13th section of the act for the amendment of the law, (1 *R. L.* 521,) process may be issued against joint debtors, and if any one be *taken and brought into court,* he shall answer, &c. judgment shall be entered against all, and be effectual against their joint property : but here, French was never taken nor brought into court. He volunteered to confess a judgment. It has often been decided by this court, that one partner cannot bind another without his assent, by bond and warrant, to confess a judgment ; but that such bond is an extinguishment of the partnership debt. If a bond and warrant to confess judgment is inoperative against a partner or joint debtor not consenting to it, *a fortiori,* one shall not confess a judgment to be obligatory on another without his consent, or without due process of law. Had French been actually *brought into court,* by a regular service of process against him and his partner, I am of

opinion he might have confessed a judgment which would have bound the joint property. But this case must stand upon his filing common bail and confessing judgment, unaided by the capias. One partner cannot confess a voluntary judgment in the name of his partner. (This subject is discussed in *McBride* v. *Hagan*, decided at this term, and authorities are there cited which sustain this proposition.) The judgment was valid against French, but not as to Wilkins. (2 *Caines*, 254.) By the execution in this cause, the sheriff had a right to sell the property of French, but of no other person. He had a right to sell the interest of French in the partnership property. What was that interest ? The interest of each partner is his share of the surplus after the partnership accounts are taken ; and that interest or surplus only is liable to the separate creditors of such partner, claiming either by assignment or under execution. (4 *Johns. Ch. R.* 525.) In *Taylor* v. *Fields*, (4 *Vesey, jun.* 396,) Ch. Baron M'Donald says, that " the *corpus* of the partnership effects is joint property, and neither party separately has any thing in that corpus, but the interest of each is only his share of what remains after the partnership accounts are taken." In the matter of *Smith*, (16 *Johns. R.* 106,) the subject is discussed and settled. It is there held that the sheriff can sell, on execution, the actual interest which the partner has in the property, after the partnership accounts are settled. The purchaser takes it in the same manner as the debtor had it, and subject to the rights of the other partner, who has a right to retain the possession of the partnership effects, for the payment of the partnership debts. The sheriff, therefore, sells the mere right and title to the partnership property, but does not deliver possession. The rights of the parties being thus understood, there is no difficulty in deciding the present motion. The plaintiff, Burr Wakeman, had he become the purchaser under his own execution, would have been substituted in the place of French, but would have had no right to withdraw the goods from the execution of the creditors of the firm. They would still be liable to the execution of *Crane and others* v. *French & Wilkins*, who have

preference, being creditors of the firm, while Wakeman, from the manner in which he obtained judgment, is a creditor of French only.

The motion must be granted, with costs.