## DUNHAM vs. MURDOCK.

DEMURRER to pleadings. This was an action against the defendant as sheriff of the county of Essex, charging him with having made a false return to an execution. The third count of the declaration set forth the rendition of a judgment in favor of the plaintiff against L. Higby, A. Dewey and J. Goulding for $98,70, the issuing of a fi. fa. on the same on the 28th October, 1826, and a levy by the sheriff on goods and chattels, the joint property of Goulding, one of the defendants, and of one John C. Smith, to a sufficient amount to satisfy the execution; that afterwards, another execution came to the hands of the sheriff against *Goulding & Smith*, by virtue of which he levied on the goods and chattels whereon he had before levied, and sold the same in satisfaction of the last execution, which goods and chattels were *all* the goods and chattels of Goulding and Smith; that the sheriff refused to levy the money directed to be raised on the first execution, and returned the same *nulla bona.* The defendant demurred.

*An action for a false return will not lie against a sheriff for returning an execution nulla bona, where the property of a firm is levied on by virtue of an execution against one of its members, and previous to a sale, an execution against the firm comes to the hands of the sheriff, under which the property levied on by virtue of the first execution is sold and exhausted.*

*J. L. Wendell,* for defendant. This is a case of *damnum absque injuriam.* The levy under the execution of the plaintiff in this cause was on partnership property, which was subsequently sold on an execution against the firm. Had a sale been had under the first execution, it would have been subject to the partnership debts ; and the property having been exhausted in the payment of such a debt, the plaintiff in this case lost nothing by the omission of the sheriff to sell under the first execution. The sheriff was therefore authorized to make the return of *nulla bona.* (16 *Johns. R.* 102. 1 *Wendell,* 48 and 92.)

*S. Stevens,* for plaintiff. It was the duty of the sheriff to seize all the property belonging to the firm of which *Goulding* was a member, to an amount sufficient to cover the execution, and not merely a moiety, and to sell a moiety thereof

undivided, and the vendee would have been a tenant in common with the other partner. (1 *East*, 367. *Salk.* 392. 15 *Johns. R.* 180. 2 *Johns. Ch. R.* 548.) Had the sheriff done so in this case, the partner of Goulding might have become the purchaser, rather than to have admitted a stranger as a tenant in common or partner with him. The sheriff ought to have sold, and by the sale ascertained whether the interest of Goulding, subject to the partnership debts, would not have produced enough to satisfy the execution. A creditor of the firm is entitled to no preference over the creditor of the individual members; and the court will not stay proceedings on an execution against one of the members of a firm, on the application of a creditor of the firm. (5 *Johns. Ch. R.* 320. 3 *Bos. & Pul.* 288, 9.)

*By the Court*, SAVAGE, Ch. J. This demurrer raises the precise question which was decided at the last October term of this court, in the case of *Crane* v. *French & Wilkins*, (1 *Wendell*, 311.) The sheriff could only sell the interest of Goulding in the partnership property; but neither the sheriff nor the purchaser would have any right to the possession of the property; the other partner, Smith, would have a right to retain possession till the partnership debts were paid, and Goulding's interest, which was subject to be sold, was merely the surplus, after liquidating the partnership debts. But before any sale was had on the plaintiff's execution, another execution came against this property, which was liable, in the first instance, to the partnership debts. On this execution, the whole partnership property levied on was sold. There remained, nothing, therefore, in the sheriff's bailiwick from which he could make the plaintiff's money. This is precisely what the sheriff has said by his return. The return is therefore true.

All the plaintiff could ask would be to have had the interest of Goulding first sold under his execution. Had he done so, the purchaser would have purchased nothing but a right to the surplus; the sheriff could not deliver possession of any thing. But the second execution coming, the sheriff must have sold the same property on that execution, and having

exhausted the whole of it, the first purchaser would have had nothing from his purchase, except, perhaps, a suit in chancery. The plaintiff's situation would have been no better than it is now.

We think the course pursued by the sheriff the proper one, first, to sell the property for satisfaction of the debt which is entitled to preference, and if any part had remained, then he should have sold Goulding's interest therein; but, as the whole was exhausted,. he was justified in making the return which he did.

In my opinion, the defendant is entitled to judgment on the demurrer to the third count of the plaintiff's declaration.