## FENTON *vs.* FOLGER.

## COFFIN *vs.* FOLGER & TOWNSEND.

March, 1840.

Where there are two executions in the hands of the sheriff, one against a *firm* consisting of two members, and the other against one of the members of the firm for his *individual debt*, upon both of which executions the *partnership property* is sold, and the sum raised by the sale is not sufficient to satisfy both executions, the creditor holding the execution against the firm. is entitled to a preference in the appropriation of the proceeds of sale ; bu where the property is sold on the execution against the *individual partner*, though after the delivery of the execution against both partners, the plaintiff in the execution on which the property was sold is entitled to the proceeds, if at the time of the sale, sufficient time had not elapsed for advertisement and sale under the other execution.

APPROPRIATION of moneys raised by execution. *Folger* and *Townsend* were *partners* as rope manufacturers. *Fenton* having obtained a judgment against *Folger* for $1234 31, for a debt owing by Folger *individually*, had an execution delivered to the sheriff on the 13th May, 1839, which was levied upon a quantity of rope, cordage, hemp, &c. the *partnership property* of *Folger* and *Townsend*, which was *advertised* to be sold on the 21st October. On that day the sale was postposed until the 25th, and then to the 26th October, when it took place, and about $1000 made. On 21st October, 1839, *Coffin*, the plaintiff in the second above entitled cause, delivered an execution to the sheriff on a judgment obtained by him against *both members of the firm*, viz. Folger and Townsend, for $1076 23, and now claims that the proceeds of the sale be appropriated towards payment of the execution in his favor.

*By the Court,* NELSON, Ch. J. This is a motion on the part of Coffin, the plaintiff in the second above entitled cause, to have the moneys raised by the sale on the 26th October applied to the payment of his execution. The ground taken is, that though his execution is *junior* to Fenton's, he is entitled to have it first satisfied out of the partnership funds, on the authority of *Crane and others* v.

Fenton v. Folger.

*French and Wilkens,* 1 Wendell, 311. Such preference was there given, for the reason that the execution against the *individual partner* was a lien only upon *his moiety* of the surplus after a settlement of the partnership accounts ; and the rule would doubtless govern this case, provided *Coffin* was in a condition to claim the appropriation. But he is not. There has been no sale on his execution. It came into the hands of the sheriff on the 21st, and the sale took place on the 26th October, five days after it was received. There was not, as appears from the papers before me, nor could there have been, either advertisement or sale of the property under it. *Fenton's* execution has, therefore *by virtue of the sale,* acquired priority ; and, as the facts stand, the money should be paid over to him.

If A. and B. have two several judgments against C., and they take out writs of *fi. fa.,* which are delivered at different days, and the sheriff execute that which was last delivered, the sale is valid ; and the only remedy of the plaintiff, whose writ was first delivered, is by action against the sheriff. *Smallcomb* v. *Cross and Buckingham,* 1 Ld. Raym. 251. 4 East, 538. Bingham on Executions, 247. Watson on Sheriffs, 177. 12 Johns. R. 162. 1 Cowen, 594. The party cannot seize the property by the execution first delivered, after such sale. Id. The case of *Ribot* v. *Peckham,* 1 T. R. 731, note *a,* is decisive on this point. That was an action against the sheriff for a *false return* to a *fi. fa.* The plaintiff delivered his execution to the sheriff, under which his officer levied the debt *by sale ;* then the sheriff discovered an older execution in the office, and returned the plaintiff's *nulla bona.* The defendant obtained a verdict ; but on motion for a new trial, on the ground that, though the other *fi. fa.* being delivered first, was material between the plaintiff in that suit and the sheriff, and would be sufficient to charge him with that debt, it was not material between the present plaintiff and the sheriff, for *he having once sold under the plaintiff's execution, was answerable to him for the debt ;* and on showing cause, the counsel for the defendant gave up the case, and a verdict was en-

tered for the plaintiff. The doctrine is fully confirmed by the judges in the principal case. 1 T. R. 729.

Coffin can stand in no better condition than if his execution had been first delivered to the sheriff. It would be most unjust now, to allow the fund to be diverted from Fenton's execution. The property was bid off to something like the amount of it. The plaintiff, as is to be presumed, knew the sale to be under his execution, and felt no interest beyond raising the debt. If he had known that Coffin's execution took priority, he would probably have raised the bids on the property, as according to the opposing affidavit, there was enough to have satisfied both executions.

Besides, if there be any question, and from the facts as disclosed it is not improbable, about the right to sell the whole interest of the firm, Fenton may have made himself accountably to the party damnified.

The motion, therefore, must be denied, with costs.