JOSEPH P. BRADBURY & al. *versus* JOSEPH SMITH.

Where a partnership was formed between J. P. B. and H. C. wherein it was stipulated that the partnership should be special; that H. C. should be the special partner, and should contribute a certain sum "as capital to the common stock for carrying on the business," which was to be conducted in the name of J. P. B. & Co.; and the sum was paid in and invested in goods, and the goods were sold and other goods purchased in their place with the proceeds of the sales; *it was held,* that whether the partnership was to be considered as a special one under the statute or as a general one, the goods became partnership property, the partnership becoming debtor to the partner advancing the capital to the amount advanced.

An action cannot be maintained by the members of a firm against an officer for attaching goods belonging to the firm on a writ against one of the members for his separate debt.

THIS was an action of trespass by the plaintiffs as copartners against the defendant, then sheriff of the county of Cumberland, for taking and carrying away certain goods, as belonging to the copartnership, on a process against Joseph P. Bradbury, one of the plaintiffs, to satisfy a debt due from him only.

The plaintiffs at the time of the taking were doing business under an agreement of which the following is a copy: —

"COPARTNERSHIP NOTICE.

"This is to certify that the undersigned, all of Portland, County of Cumberland, and State of Maine, have formed this

day a limited partnership under the name of J. P. Bradbury & Co. of which J. P. Bradbury is the general partner and Henry Coffin the special partner — said special partner has contributed $1500 as capital to the common stock for carrying on a general grocery business. The partnership will commence from the day of the date hereof and continue two years.

                                        " J. P. BRADBURY,
                                        " HENRY COFFIN.
"Portland, Nov. 16, 1840."

This was acknowledged on the same day before a justice of the peace, and recorded in the registry of deeds for the county on the next day.

It was proved, that Coffin furnished the fifteen hundred dollars, being the whole capital that was to be employed in the business of the firm ; that he was to have profits equal only to six per cent. on his investment; and that Bradbury was to perform all the labor and have the remainder of the profits. Goods were purchased with this money, sold, and other goods purchased with the proceeds of the sale, and the business conducted until the attachment took place, within the two years.

A verdict was taken for the plaintiffs for the value of the property taken by the defendant, which was to be set aside, and a nonsuit entered, if the action could not be maintained.

Codman & Fox, for the defendant, contended that the partnership formed by the plaintiffs, although it might be intended as a special one, was in fact a general partnership.

The statute of 1836, c. 211, § 7, provides, that in special partnerships, the business shall be transacted in the name of the special partner only without the addition of the word, company. In this case, the business was done in the name of Bradbury and company, and they cannot avail themselves of the privileges of the act, when they have violated its provisions.

Whether it is a general or special partnership can make no difference in this case. Whatever stock was bought for the partnership, as soon as purchased, became partnership property. Each partner, therefore, had an interest in the stock ; they

were tenants in common; and the sheriff may take and hold the common property for the debt of one, without being liable as a trespasser.

The whole learning upon the subject is to be found in an article in the American Jurist for October, 1841, p. 55 to 85. The point has been met, and expressly decided in our favor in this Court in *Douglas* v. *Winslow,* in Penobscot county, not yet reported.

*F. O. J. Smith,* for the plaintiffs, contended, that they were entitled to retain their verdict.

The plaintiffs were in business under articles of limited partnership, supposed to have been instituted pursuant to the provisions of the act of 1836, c. 211. They proceeded pursuant to the act, unless the addition of " & Co." to the name of the general partner in the style of their firm be a fatal departure from the statute. This provision of the statute is only directory, and this addition involves no disability or nullity of the firm as a special partnership, nor converts it into one of general partnership, against the manifest purpose of the parties and the intention of the law; especially in favor of a party who has at no time dealt with the firm.

But whether the plaintiffs were partners under the statute, or were partners under the common law principle of contracts, their partnership can only be regarded, upon the proof in the case, as a limited partnership, assimulating in all its features, and in its whole nature, to a contract of agency. If so, it is to be respected in law by all persons, according to such limitations or agency. Was it competent for the plaintiffs to form such a partnership? If so all persons, no less than themselves, were bound by these stipulations, and could do nothing lawfully inconsistent with them, without being guilty of a trespass. This partnership cannot be regarded other than one in which one partner was to furnish the whole capital, in the ownership of which the other was in no event to have any part, but only in the profits derived therefrom, making it a partnership in only the profits. Story on Partnership, § 23, 27, 88, 38,

40, 41, 45, 51; *Allen* v. *Dunn*, 15 Maine R. 293; *Loomis* v. *Marshall*, 12 Conn. R. 69.

The seizure of the property was not at law justifiable. Inasmuch as the facts of the case find, that the property attached was the property of the special partner exclusively, and purchased wholly with his funds, and not otherwise, and that Bradbury never had, and was not, from the nature of the limited partnership proved, to have, any property in the *corpus* of the goods attached, but only was invested by the terms and nature of the partnership with a possessory interest and control over the same, similar in its nature and effect to that of an agent, there was nothing to justify the attachment — no tangible property of Bradbury in the goods for creditors to levy upon. *Rice* v. *Austin*, 17 Mass. R. 197; *Allen* v. *Dunn*, 15 Maine R. 293; *Com. Bank* v. *Wilkins*, 9 Greenl. 38. An attaching creditor of one partner can take no other or different interest in the partnership effects, than his debtor had at the time of the attachment.

The action accrues to the plaintiffs against the officer, in the same manner as if the officer had attached, as Bradbury's property, any other interest not attachable, as in *Smith* v. *Cudworth*, 24 Pick. 197, and in *Wentworth* v. *Young*, 17 Maine R. 70. If either of the plaintiffs could have maintained an action, certainly the two partners could do so, by which is united the proprietary and the possessory interest in the property, in one suit. *Wilson* v. *Conine*, 2 Johns. R. 280 ; Story on Partnership, § 256.

The opinion of the Court was afterwards drawn up by

SHEPLEY J — Whether a partnership includes the capital stock, or is limited to the profit and loss, must be determined from the agreement and intention of the parties. In this case the agreement signed by the plaintiffs declares, that the " special partner has contributed $1500 as capital to *the common stock*." And there can be no doubt, that it was their intention to form a limited partnership under the provision of the statute of 1836, c. 211. If it be admitted, that a general

partnership was not created by a failure to comply with the provisions of the seventh section of the act, which requires, that "the names of the general partners only shall be inserted without the addition of the word company or any other general term;" the act would still require, that the special partner should contribute a sum in cash, and that it should become a portion of the capital stock of the partnership. The act provides, that "the general partners only shall transact business," and the goods must be purchased by them. The contracts and bills of purchase would be between the seller and the partnership as the purchaser, and the goods would become the property of the partnership. And this would but carry into effect the agreement and intention of the parties; the partnership becoming a debtor to the special partner for the amount of cash by him contributed. A loss of the goods in the shop by fire, or otherwise, would not have fallen exclusively upon the special partner as the sole owner, but upon the partnership. Although at the time of the commencement of this partnership the capital stock was all contributed by the special partner, the general partner would afterward be daily contributing to it by his time and attention to the business. It cannot therefore be correct to assert, that the capital stock at the time of the attachment, after several months' continuance of the partnership, remained as the sole contribution of the special partner. It might have happened, by a rise in the value of the goods first purchased, and by large profits on the sales of these and of other goods subsequently purchased, that the capital would have been more than doubled during the two years provided for its continuance. And as the special partner was to receive as profits a sum only equal to the legal interest on the money advanced, the general partner might at that time become entitled to a larger portion of the capital stock. There is no evidence, that the goods attached were a part of those originally purchased by the cash advanced by the special partner. And if they were not, they must have been purchased on the credit of the partnership, or by funds partly accruing

from the services of the general partner in transacting the business.

Whether the special agreement, or the intention of the parties to it, or the legal effect of their acts, be considered, the result is the same; that the goods in the shop must be regarded as the property of the partnership. · And it has been already decided in the case of *Douglass* v. *Winslow,* 2 App. 89, that such goods are liable to be attached for a separate debt of one of the partners.

*The verdict is to be set aside*
*and a nonsuit entered.*