## WALSH *vs.* ADAMS.

On a *fi. fa.* against one of several copartners, the sheriff may seize, take possession of and remove the goods of the copartnership.

And he may sell the interest of the defendant in the *fi. fa.* and deliver the goods to the purchaser, who thereby becomes a tenant in common with the other copartner.

But the right which such purchaser acquires in the goods is only the interest of the defendant in the judgment subject to the adjustment of the copartnership concern, even though the purchase was made without notice that the goods belonged to the copartnership.

If the sheriff assume to sell the whole interest in the goods as though they belonged to the defendant in the execution, individually, he is liable in trover to the other copartners.

The measure of damages in the action against the sheriff where the goods of two copartners were seized and sold without qualification on a *fi. fa.* against one of them, is one half of the value of the goods, without regard to the debts of the firm or the state of the copartnership accounts.

TROVER, tried at the Albany circuit in January, 1845, before PARKER, C. Judge. The defendant, as sheriff of Albany county, seized and sold certain personal property by virtue of a *fi. fa* issued upon a judgment against James Christie, and delivered it to the purchaser. The plaintiff claimed that the property was partnership effects belonging to a firm composed of himself and

Christie. The sheriff had assumed to sell the whole interest in the articles seized, considering them the individual goods of Christie. There was conflicting evidence upon the question whether the property belonged to the partnership or to Christie individually. The defendant's counsel insisted that the action, if sustainable at all, could not be brought in the name of one partner, but that both should have joined; and also that if the plaintiff was entitled to recover, the measure of damages was the value of the interest which Christie had in the property, namely, one half of its value after the payment of the debts of the firm and the settlement of the partnership account, and requested the judge so to charge. The judge submitted the question of fact to the jury, and declined to charge as requested by the defendant's counsel. He instructed them that the damages, in case they found for the plaintiff, should be one half of the value of the property taken and sold, irrespective of the debts of the firm and of the accounts between the partners. The defendant's counsel excepted. The jury found for the plaintiff.

*H. G. Wheaton,* for the defendant, moved for a new trial on a bill of exceptions. He maintained 1. That both partners ought to have joined in the action. The principle upon which the action is sustainable is, that by assuming to sell the entire property, when his right only extended to the interest of one partner, the sheriff became a wrongdoer and could not justify under the execution. Where one without right takes property belonging to several joint owners, they must all join in the action. 2. The judge misdirected the jury as to the measure of damages. The plaintiff's interest may have been merely nominal. He may have drawn out all that belonged to him, so that upon the settlement of the partnership accounts he would not have been entitled to any thing; or the facts may have shown that he owned the whole and that Christie had no actual interest. The rule laid down in the charge was purely arbitrary, having no respect to the real interest of the plaintiff in the subject of the suit, or to the degree of injury sustained by him in consequence of the act complained of. It was at all events inapplicable to a

case where the defendant did not know that the goods were partnership property. The counsel cited and commented on the cases of *Phillips* v. *Cook,* (24 *Wend.* 389,) and *Waddell* v. *Cook,* (2 *Hill,* 47,) the former of which he said favored the view he took of the case, and the other was inapplicable, being the case of joint owners and not of partners. He also referred to *Story on Part.* § 90 *et seq.,* § 261 *et seq., and note* (4) *to* § 263, to show the interest which the several partners have in partnership property.

*J. McKown & J. Van Buren,* (attorney general,) for the plaintiff, relied upon *Waddell* v. *Cook,* referred to on the other side, and the note at page 49, and cited *Wilson* v. *Reed,* (3 *John.* 175 ;) *Melville* v. *Brown,* (15 *Mass.* 82;) *White* v. *Osborn,* (21 *Wend.* 72;) *Amer. Jurist, vol.* 26, *p.* 60. To show that the defendant could not object to the non-joinder of Christie, they cited *Collyer on Part.* 64, 396 *et seq.* (*a*)

*By the Court,* JEWETT, J. The defendant, as sheriff, seized and sold the *entire* property in question, as the individual property of Christie, and delivered it to the purchaser. It has turned out that the plaintiff was a partner of Christie, and that the property belonged to the firm, each partner having an equal share at the time of the levy and sale.(*b*)

I consider it well settled that upon an execution against one of several copartners, the sheriff may take the goods of the partnership in execution, and sell the individual share or interest of the defendant, and that in so doing he may take possession of, remove and deliver the entire property taken, to his vendee. (*Phillips* v. *Cook,* 24 *Wend.* 389 ; *Waddell* v. *Cook,* 2 *Hill,* 47, *note a.*) As soon as the goods are taken in execution, the partnership, as it respects those goods, is at an end, and the creditor becomes

---

(*a*) And see 5 *Hill,* 59, *note.*

(*b*) In the absence of proof to the contrary, each partner is presumed to be equally interested in the partnership funds and property. (*Gould* v. *Gould,* 6 *Wend.* 263; *Peacock* v. *Peacock,* 16 *Ves.* 49 ; 3 *Kent's Com.* 6.)

a tenant in common with the other partners and so continues until the sale. (*Skip* v. *Harwood*, 2 *Swanst.* 587; *Chapman* v. *Koops*, 3 *Bos. & Pull.* 289; *Collyer on Part.* 474.)

The sheriff, by virtue of his levy, has a special property in the goods which enables him to maintain trespass or trover for them, and is deemed the legal agent for the sale. (*Collyer on Part.* 474.) When the goods are sold by the sheriff, the purchaser becomes a tenant in common with the other partners. (*Fox* v. *Hanbury*, *Cowp.* 449; *Heydon* v. *Heydon*, 1 *Salk.* 392; *Phillips* v. *Cook*, *sup.*) He is entitled, not to the goods of the partnership, but to the interest in the goods of the partner against whom the execution was, encumbered with the joint debts of the partnership, and subject to account for the full value in favor of partners, or through them to creditors. (*See the cases last cited, and Doner* v. *Stauffer*, 1 *Penn. R.* 198; *Story on Partn.* § 263; *Pierce* v. *Jackson*, 6 *Mass.* 242; 3 *Kent's Com.* 37.)(c)

The right of the separate creditor depends upon the interest which each partner had in the partnership property, and such creditor can have nothing but what his debtor had therein; (*Ex parte King*, 17 *Ves.* 115;) and neither party has any thing separately, in the *corpus* of the partnership effects; but the interest of each is only his share of what remains after the partnership accounts are taken; (*Church* v. *Knox*, 2 *Conn. R.* 523; *Ex parte Hamper*, 17 *Ves.* 407;) and this whether the purchaser had notice of the partnership or not.

I am aware that the late Mr. Justice Cowen, in *Phillips* v. *Cook*, (*sup. at p.* 399,) referred to *Hoxie* v. *Carr*, (1 *Sumn.* 181,) as authority for his remark that " a purchaser [of partnership effects on execution against one partner] without notice holds

---

(c) In *Garbett* v. *Veale*, (5 *Adolph. & Ellis, N. S.* 408,) goods belonging to a copartnership were taken on a *fi. fa.* against one of the two partners, and before the sale both partners became bankrupt. The assignee under the commission took the goods out of the hands of the sheriff and sold them, upon which the creditor in the *fi.fa.* brought an action for money had and received against the assignee, and had a verdict. The court of king's bench, however, held that the action could not be maintained until an account had been taken, which they said could not be done in a court of law, except by consent of both parties, and directed a nonsuit to be entered

discharged of the lien;" and again at p. 407, "If they are partnership goods and that known to him, [the purchaser] equity will under the circumstances hold him to account for the full value in favor of partners, or through them to their creditors." The remark that the accountability of the purchaser of chattels on execution of the interest of one partner in the goods, depends upon notice, I think, with great deference, is not supported by the principles of the case to which the learned judge referred. The principle alluded to was there applied to a purchase of real estate of a copartnership, the title to which was vested in one partner. It was held, that "in cases where the real estate is purchased for partnership purposes, and on partnership account, it is wholly immaterial, in the view of a court of equity, in whose name or names the purchase is made, whether of one partner or all, whether in the name of a stranger or of one of the firm. In either case—let the legal title be vested in whom it may—it is in equity deemed partnership property, and the partners are the *cestuis que trust.* A court of law may, nay must view it, in general, only according to the legal title; and if the legal title is vested in one partner, a *bona fide* purchaser from him of the real estate, having no notice, either express or constructive, of its being partnership property, will be entitled to hold it free from any partnership claim. But if the purchaser has such notice he is clearly bound by the trust, and takes the property *cum onere,* like every other purchaser of a trust estate." (1 *Sumner,* 182, 192. *See also* 3 *Kent's Com.* 38, *n. a.*)

Although the sheriff may seize the whole, because the share of each being undivided cannot be known, he can sell only the part of him against whom the judgment and execution was had, without subjecting himself to an action by the injured party for such wrong. ( *Wheeler* v. *McFarland,* 10 *Wend.* 318 ; *Waddell* v. *Cook, and Phillips* v. *Cook, sup.*) (*d*)

As to the question of damages, I entertain no doubt but that the general rule must control the question in this case. Under that rule the plaintiff was entitled to recover the value of his

(*d*) And see *Johnson* v. *Evans,* (7 *Mann. & Gra.* 240.)

undivided share in the property converted by the defendant, irrespective of the question whether the partnership was or was not solvent, and without regard to the state of the partnership accounts.

New trial denied.