The Eighth National Bank of the City of New York, Appellant, *v.* Henry Fitch, Sheriff, etc., Respondent.

Where a sheriff receives for collection an execution against one of the members of a copartnership, and by virtue thereof levies upon the interest of the judgment debtor in the goods of the firm, and where, within sixty days after receipt, and before a sale, he receives an execution against all the members of the firm for a copartnership debt, the latter is the prior lien, and if upon sale the stock proves insufficient to satisfy it, he is justified in returning the former execution *nulla bona.*

(Argued May 24, 1872; decided May 28, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third department, affirming a judgment entered in favor of defendant on the report of a referee.

The action was for a false return. The defendant was, at the time of the occurrences alleged in the complaint, sheriff of the county of Albany.

A judgment was rendered on the 27th February, 1867, in favor of the plaintiff, against John Murphy and Robert McDonald for $1,179.80. On the 28th of February, 1867, an execution upon this judgment was delivered to one of the defendant's deputies, who on the same day made a general levy thereunder on all the interest of the judgment debtors, Murphy & McDonald, in all the stock and fixtures of the firm of Maloney, Murphy & McDonald, of which they were members. At various dates during the month of March, 1868, the defendant received various attachments against the firm of "Maloney, Murphy & McDonald," amounting in the aggregate to over $25,000. The defendant seized the said stock and fixtures of "Maloney, Murphy & McDonald" under said attachments, being the same property, the interest of Murphy & McDonald in which had been previously levied upon under the plaintiff's execution. The value of this was about $4,800. Neither Murphy nor McDonald had any property of any kind, as far as appeared, except their respective interests in the firm of "Maloney, Murphy & McDonald."

The property was subsequently sold by the defendant under the executions issued upon judgments against "Maloney, Murphy & McDonald" in the actions in which the attachments were issued. The property brought $4,600. The defendant, on the 13th of April, 1867, returned the plaintiff's execution against Murphy & McDonald *nulla bona*, for which return the plaintiff sues, alleging it to be false.

It was shown by the plaintiff that Storrs, Murphy and McDonald were partners until November, 1865, when Storrs sold out his interest to Murphy and McDonald, who gave him their notes for part of the purchase-money, and one of the

notes so given was the foundation of the plaintiff's judgment. Murphy & McDonald continued until March, 1866, when the new firm of " Maloney, Murphy & McDonald " was formed. The new firm took all the property of Murphy & McDonald, and assumed their liabilities. Murphy & McDonald were then solvent.

The referee found that there was no property of the judgment debtors out of which defendant could collect the execution, and that the return was correct.

*N. C. Moak* for the appellant. Plaintiff's judgment being upon a firm liability, it was with other firm creditors equally entitled to be paid out of the firm assets. (*Colt* v. *Wilder*, 1 Edw. Ch., 484, 490–497; *Dingledein* v. *Third Av. R. R.*, 37 N. Y., 575; *In re Downing*, 3 Bankrupt Register, 182; Code, § 136, sub. 4, as amended 1866, Laws 1866, vol. 2, p. 1838; *Stevens* v. *Bank of Central New York*, 31 Barb., 293, 294; 2 Kent's Com., 388, marg. p.; *Lafarge* v. *Herter*, 9 N. Y., 241; *Johnson* v. *Fitzhugh*, 3 Barb. Ch., 372, 373; *Clark* v. *Rowling*, 3 N. Y., 216–224; *Dresser* v. *Brooks*, 3 Barb., 430; *Fox* v. *Woodruff*, 9 id., 498; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178; *Thorp* v. *Keokuk Coal Co.*, 47 Barb., 439; *Van Alstyne* v. *Cook*, 25 N. Y., 495; *Artisans' Bank* v. *Treadwell*, 34 Barb., 563, 565; *Stevens* v. *Bank of Central New York*, 31 id., 290, 293, 294; *Cook* v. *Van Alstyne*, 25 N. Y., 489; *Becker* v. *Torrance*, 31 id., 641; *Gall* v. *Hinton*, 8 Abb., 120; *Smith* v. *Orser*, 43 Barb., 187; 42 N. Y., 136–138; *Benson* v. *Berry*, 55 Barb., 620.) From the time of the agreement of the new firm to assume the old firm's debts, the new firm became the debtors and the old firm sureties merely. (*Colgrove* v. *Tallman*, 2 Lansing, 97, 101; *Lafarge* v. *Herter*, 9 N. Y., 241; 11 Barb., 159; *Storms* v. *Thorn*, 3 id., 314; *Bangs* v. *Strong*, 4 N. Y., 315.) If defendant undertook to settle for himself to whom he would pay the money, he was bound to do so correctly. (*Butterworth* v. *Gould*, 41 N. Y., 450.) Defendant was liable for not selling the interest of Murphy &

McDonald in the firm property. (*Smith* v. *Orser*, 43 Barb., 187; 42 N. Y., 132; *Mason* v. *Lord*, 40 id., 447; *Brush* v. *Lee*, 36 id., 52; S. C., 3 Abb. [N. S.], 204.)

*Samuel Hand* for the respondent.   A levy upon partnership property, under an execution against one of the partners, passes to a purchaser upon a sale under such execution, only the interest of the partner in the property subject to the right of the copartners and firm creditors. (*Hayes* v. *Reese*, 34 Barb., 151; Story on Partnership, § 97; Parsons on Partnership, 169; *Williams* v. *Lawrence*, 53 Barb., 320; *Berry* v. *Kelly*, 4 Robt., 106; *Waddell* v. *Cook*, 2 Hill., 47; *Walsh* v. *Adams*, 3 Denio, 125.)   An execution against all the partners for a firm debt takes precedence of a prior execution against an individual member of the firm. (*Crane* v. *French*, 1 Wend., 311; *Dunham* v. *Murdock*, 2 id., 553; *In matter of Smith*, 16 Johns., 102; *Scrugham* v. *Carter*, 12 Wend., 131; *Berry* v. *Kelly*, 4 Robt., 106.)   The members of the old firm became the creditors of the new firm, and neither they nor their creditors have any lien or preference on the property of the new firm over its other creditors. (*Smith* v. *Howard*, 20 How. R., 121; *Abel* v. *Westervelt*, 15 Abb. 230; *Stoutenburgh* v. *Vandenburgh*, 7 How. Pr. R., 229; Parsons on Partnership, pp. 167, 168; Story on Partnership, § 97.)

GROVER, J.   In addition to proving the return of *nulla bona* upon the execution, to entitle the plaintiff to recover it was necessary for him to prove that the execution debtors had property out of which the execution, or some part thereof, might have been collected.   The execution was against two of three partners.   There was no proof tending to show that either of them had any property subject to levy except their interest in the partnership stock of goods, amounting to about $6,000.   The execution was received by the defendant for collection on the 27th of February, 1867, and a levy made upon the interest of the debtors in the stock on the 28th.

This was sufficient *prima facie* to establish a right of recovery. In answer to this case the defendant proved that, in March thereafter, several attachments against all the members of the firm were placed in his hands for service; that he levied the same upon the stock, and that thereafter judgments were recovered and executions issued against all the partners to the defendant for collection, to an amount much larger than the value of the goods of the firm, which the defendant sold and applied upon the last mentioned executions. The first inquiry is whether this was a defence to the case made by the plaintiff. No question is made as to the right of a sheriff to return an execution unsatisfied when all the property liable thereto is incumbered by prior liens to an amount greater than its value. All the property subject to the execution in the present case was the interest of the debtors in the property of the partnership. This interest was subject to levy and sale upon the execution. (*Smith* v. *Orser*, 42 N. Y., 132.) But the title acquired by the purchaser would not be any absolute interest in the property; the remaining partners having a right to have the whole applied, if necessary, to the payment of the debts of the firm. (*Walsh* v. *Adams*, 3 Denio, 125; *Scrugham* v. *Carter*, 12 Wend., 131, and cases cited; Story on Partnership, § 97.) The right of the plaintiff, under his execution, was subordinate to the right of the other partner, and also to those of the firm creditors, to have the property applied in payment of the partnership debts, if necessary for that purpose. When the attachments and executions against all the members of the firm came to the hands of the sheriff, and the attachments had been levied, they constituted liens upon the property prior to that of the plaintiff against two of the members of the firm, although the latter was first received and levied. (*Coover's Appeal*, 29 Penn. St., 14.) The sheriff was therefore right in applying the proceeds of the sale upon the executions against the firm. (See authorities above cited.) But it was insisted by the counsel for the appellant that it was the duty of the sheriff to sell the interest of the execution

debtors upon the plaintiff's execution; and' that for the breach of this duty the plaintiff had a right to recover. There are two answers to this.    1st. He received the attachments and executions against the firm within sixty days after the receipt of the plaintiff's execution.    These constituting liens upon the entire property, and it being the duty of the sheriff to sell the property absolutely thereon, and the liens exhausting the whole, there was nothing remaining to sell upon the execution of the plaintiff.    Had it become the absolute duty to sell upon the plaintiff's execution before the receipt of the process against the firm, the case might have been different; as, had the property been sold upon the plaintiff's execution prior to that time, the interest of the execution debtors would have passed to the purchaser, subject, nevertheless, to the rights of the firm creditors to its application to the payment of the debts of the partnership.    2d.  The entire property being insufficient to satisfy the prior liens, the plaintiff sustained no injury by a failure to sell the interest of the debtors upon his execution, unless such a sale would have produced something to' apply thereon.    The referee found as a fact, in substance, that it would not have produced anything.    It is insisted by the counsel for the appellant that this finding was wholly unsupported by evidence.    The fact that the firm sold $1,000 of the goods after the levy of the plaintiff's execution, before the process against the firm came to the hands of the sheriff, the proceeds of which were retained by them, has no bearing, except that this amount must be included in the assets of the firm in determining whether there would have been any interest remaining to the purchaser of the goods at a sale upon the plaintiff's execution, after payment of the partnership debts from the assets of the firm, for the reason that the prior liens would much more than absorb this, together with the property remaining unsold.    The mode of determining whether any and what interest would have been acquired by a purchaser of the property, had it been sold under the plaintiff's execution, is to take an account in equity of the other assets and

of the debts of the firm, and, in case the firm debts are paid from the other assets, the purchaser would be entitled to the execution debtor's proportion of the property purchased, or in what should remain after payment of such debts. The counsel for the appellant insists that the unconflicting evidence proved that the other assets of the firm would have paid the firm debts, leaving sufficient of the stock of goods, if sold under the execution, to pay the whole or some part of the execution. The answer to this is that it was not so proved. The assets consisted largely of debts, either notes or accounts (the evidence does not show which) due the firm; that two years had elapsed, during which efforts had been made for the collection of the debts, during which about three-fifths only had been realized. Under such circumstances there is no presumption that the residue of the debts were of any particular value; much less, that they were all good and collectible. Such presumption would be contrary to nearly universal experience in such cases. While it is held in some cases that the presumption is that a debtor is solvent, yet it ceases when the debt is long past due, and unavailing efforts for its collection have been made. The defendant having shown that the prior liens were sufficient to exhaust all the property subject to levy, including the thousand dollars sold by the partnership, the *onus* was upon the plaintiff to show that it sustained injury by such sale. This they failed in doing. The counsel insists that he was entitled to recover for the reason that it appeared that all the partners were liable for the payment of the debt upon which the judgment was recovered. The answer to this is that he had taken judgment against two only, not as jointly indebted with the third partner, but as his only debtors. It is entirely clear that, under this judgment, he could not interfere with the property of the third, though liable for the payment of the debt. In any view, the plaintiff failed to show any right of recovery. It being the duty of the sheriff to sell the property upon the executions against all the partners, which were more than sufficient to absorb all the property, including that sold

by the partners, and there being no proof of a surplus applicable to the payment of the plaintiff's debt, in case none had been so sold, the plaintiff sustained no injury by the acts of the defendant under its execution. The judgment must be affirmed, with costs.

All concur, except Church, Ch. J., not voting.

Judgment affirmed.