Foster Morss, Appellant, *v.* Roman H. Gleason et al., Respondents.

One who purchases the interest of a partner in a firm acquires simply a right to an accounting in respect to the partnership effects and to a share of the surplus remaining after payment of the partnership debts, deducting any balance that may be due from the vendor to his copartners upon an accounting.

Where a member of a firm transfers his interest therein to a third person, who is received into the firm as a partner in his stead, he thereafter occupies the position simply of surety for the firm debts to the extent

that the assets of the firm are sufficient for their payment. Such assets are held by the new firm, charged with a trust for the payment of the debts of the old firm.

M., R. and G. were partners. G., with the consent of his copartners, sold out his interest to B., who assumed all the liabilities of G. as a partner, and was received into the firm in his stead. The wife of G. at the time held a note made by the firm. M. & R. subsequently acquired the interest of B. At the time of these transfers the firm property was sufficient to pay all its debts. G. procured the note, then past due, and transferred it to M. in payment of a debt due to M. individually. M. transferred the note to plaintiff. In an action upon the note, *held*, that M., upon acquiring title to the note *eo instanti*, acquired a right to a credit as between him and his partner for its amount as so much paid upon a partnership debt; that he could not have maintained an action against G., either upon the note or for a contribution, at least until he had first exhausted the partnership assets and shown a deficiency; and that as plaintiff took it subject to all the equities existing against it in the hands of M., he could not recover.

(Argued February 3, 1876; decided February 15, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant Gleason, entered upon the report of a referee. (Reported below, 2 Hun, 31.)

This action was brought upon a promissory note made by the firm of Morss, Reed & Co., of which firm defendants were the partners.

The note was dated January 2, 1865. On the 25th January, 1867, defendant Gleason (who alone appeared and answered), with the assent of his copartners, sold and assigned his interest in the firm to one Baker, who assumed his liabilities and was received into the firm in the place of Gleason. At this time the wife of Gleason owned and held the note in suit. Baker's interest in the firm assets was subsequently sold to defendant Burton G. Morss. At the time of the transfers the firm assets were more than sufficient to pay the debts. Gleason procured the note and transferred it to Morss as so much payment upon a contract for the purchase by him from Morss of certain real estate, and the amount was indorsed upon the agreement. In July, 1870, and long

after the maturity of the note, Morss assigned it to plaintiff.

*Amasa J. Parker* for the appellant. The property of the old firm passed into the hands of the new firm, stripped of all equitable liability for the payment of debts outstanding, as far as Gleason is concerned. (*Sage* v. *Chollar*, 21 Barb., 598; Story on Part., §§ 97, 326, 858, 859; *Ex parte Ruffin*, 6 Ves., 119.) The transfer of the note to Gleason was not and did not operate as a payment of it, nor did the transfer of the note to Morss operate as a payment or extinguishment of it. (*Smith* v. *Lasher*, 5 Cow., 688; *Sherwood* v. *Barton*, 36 Barb., 284.) A retiring partner is still liable for the debts of the firm, though he retire with the consent of the other members of the firm. (Pars. on Part., 424, 437 [2d ed.].) Whether the taking of the note by Morss was a payment or purchase depended entirely on his intent. (Pars on Cont., 142, note *i*; *Russell* v. *Austin*, 1 Paige, 192; *Champney* v. *Coope*, 32 N. Y., 543, 549; *Bascom* v. *Smith*, 34 id., 320: *Bealer* v. *Mayer*, 19 C. B. [N. S.], 76.)

*J. I. Werner* for the respondents. The interest Gleason sold to Baker was confined to his interest in the surplus property and effects of the firm after payment in full of all its existing debts and liabilities. (*Menagh* v. *Whitwell*, 52 N. Y., 146; Story on Part., § 97, and notes.) The balance of Gleason's interest not sold to Baker remained in the hands of his late associates as a fund pledged to the payment and satisfaction of his proportion of the old firm debts and liabilities, and Morss and Reed had an exclusive lien upon this fund for the purposes of such payment and satisfaction. (3 Kent's Com., 65, 80; Story on Part., §§ 326, 441; 52 N. Y., 146; Adams' Doctrine of Eq. [ed. of 1873], 243, 483, note 2.) Morss and Reed were clothed with a trust to apply such joint property to the payment and satisfaction of the joint debts and liabilities. (52 N. Y., 169; Story on Part., § 360.)

ALLEN, J.  By the transfer from Gleason to Baker of his interest in the property and assets of the firm of Morss, Reed & Co., Baker only acquired a right to an accounting, in respect to the partnership effects, and to the surplus that should remain after the payment of the partnership debts, and any balance that might be due from Gleason to his copartners upon an accounting between them.  By such transfer, the partnership of Morss, Reed & Co., as that firm had been theretofore constituted, was dissolved, and by the acceptance, by the remaining partners, of Baker, as a member of the firm, a new partnership was created, in which Baker was substituted for Gleason, the retiring partner. From that time the partnership property and effects were held by the new firm, charged with a trust for the payment of the firm debts, including that for which this action is brought; and the retiring partner, Gleason, occupied the position of a surety for the debts existing against the firm, of which he had been a member, to the extent that the assets of the firm were sufficient for their payment and discharge.  As the referee has found upon sufficient evidence that the personal effects of the firm were more than sufficient to pay all its debts, not only at the time of the transfer from Gleason to Baker, but also at the subsequent time when the remaining partners Morss and Reed acquired the interest of Baker therein, it follows that, as between Gleason and his former partners Morss and Reed, Gleason was a surety only in respect of all the debts of the firm of which he had been a member, and that the assets of the firm were primarily liable for their payment, and that he could have compelled their application to that purpose, and Morss and Reed could not have compelled a contribution from ' him for the payment of any of such debts without showing that the partnership assets had been applied to their payment and were exhausted.  This result follows, necessarily, from the principles adjudged by this court in *Menagh* v. *Whitwell* (52 N. Y., 146), in which case the rules governing the rights and liabilities of partners, as between each other, upon the

transfer by one of his interest in the partnership effects, and the consequent dissolution of the copartnership, were considered, and an elaborate discussion of those principles, and a review of the authorities, would be out of place at this time. The general doctrine is recognized by elementary writers, and is well settled by authority. (*Savage* v. *Putnam*, 32 N. Y., 501; Story on Partnership, §§ 97, 360; 3 Kent's Com., 65; *Marquand* v. *N. Y. Mfg. Co.*, 17 J. R., 525.) When therefore, Gleason, in payment of his debts to Morss, procured the transfer to his former partner Morss, of the note in suit, upon which all were liable as partners *in solido* to the holder of the note, but in respect of which Gleason was, as between himself and Morss and Reed, the other makers, *quasi* surety, and for the payment of which Morss and Reed were the trustees of an ample fund, Morss *eo instanti* acquired and was entitled to a credit as between himself and his partner, the owners of the trust property, subject only to the charges upon it for the amount of the note as so much paid by him; and to this extent his interest in the trust fund was increased. He could not have maintained an action against Gleason in any form, either upon the note or for a contribution as for so much money paid by him upon a partnership debt; but to entitle him to any relief as against Gleason he would have been compelled first to exhaust the partnership assets and show a deficiency. He, in fact, was not out of pocket at any time by reason of the transaction, and had no claim, legal or equitable, against Gleason. The note was long past due at the time of its transfer to the plaintiff, and the latter took it subject to all defenses and to all equities existing against it in the hands of Morss, the member of the firm from whom he received it. This is the rule applicable to all negotiable instruments transferred after due or when dishonored. ·

In order to maintain his action at law the plaintiff was, under the circumstances, bound to show all that his transferrer, Burton G. Morss, would have been compelled to show in an equitable action against Gleason for contribution.

The referee rightly held that the plaintiff did not acquire by the transfer from Burton G. Morss a right of action upon the note against Gleason, and that the complaint should be dismissed.

Judgment must be affirmed.

All concur; except MILLER, J., not sitting.

Judgment affirmed.