16 | 163
38ap455

WILLIAM E. RYDER, RESPONDENT, *v.* WILLIAM R. GILBERT, STEPHEN J. WEAVER, LOUISE E. GILBERT, CHARLES H. MUNDY AND FIRST NATIONAL BANK OF SING SING, APPELLANTS, IMPLEADED WITH ZIBA CARPENTER, SHERIFF, ETC.

*Partnership — property of one partner, how converted into firm property — executions against firm — priority of, over those against the partners individually.*

In August, 1874, plaintiff sold a stock of merchandise to J. D. Williams, who, thereafter, entered into partnership with his son Louis, no formal agreement of partnership being made, but each sharing equally in the business and in the profits and losses thereof. The goods bought by J. D. Williams, as well as those subsequently bought by the firm, were sold indiscriminately, and the proceeds received and appropriated by the firm.

*Held,* that these facts, in the absence of proof of any contrary agreement, established a community of interest in the property sold by the plaintiff, as well as in that subsequently acquired.

That, in the absense of proof of an agreement to the contrary, the presumption was that J. D. and Louis Williams were equal partners.

The plaintiff recovered a judgment against J. D. Williams, individually, for the goods sold to him, and issued an execution thereon, under which a levy was made upon the right, title and interest of J. D. Williams in all the property of the firm. Before a sale thereunder, other executions issued upon judgments recovered against both members of the firm, for firm debts, came into the hands of the sheriff. The sheriff subsequently made an absolute sale of all the said goods.

In this action, brought for a distribution of the proceeds of the sale, *held,* that the judgmnet-creditors of the firm were entitled to be first paid, and that only the interest of J. D. Williams in the surplus, if any, could be applied upon plaintiff's judgment against him.

That the sheriff having in his hands at the time of the sale an execution against one partner, and also executions against the firm, and having sold the goods absolutely and not the interest of one partner therein, the presumption was that he sold under the executions against the firm.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

*Chas. H. Mundy*, for the appellants Gilbert, Weaver, Gilbert and Mundy.

*Francis Larkin*, for First National Bank of Sing Sing, appellant.

*Williams & Silliman*, for the respondent.

GILBERT, J. :

The defendant Carpenter, sheriff of the county of Westchester, in June and July, 1876, sold a quantity of merchandise on execution. The object of this action is to settle conflicting claims to the proceeds arising from said sale. That falls within the equitable jurisdiction of the court. It appears that in August, 1874, the plaintiff sold out his stock of merchandise to John D. Williams, and that shortly thereafter the latter formed a partnership with his son, Louis W. Williams, and they continued in business as partners until said partnership was dissolved by the levy and sale hereinafter mentioned. No formal agreement of partnership was entered into by them, but it was verbally agreed between them that each should share equally in the business of the partnership, and the profits and losses thereof. John D. Williams, in part payment for said stock, indorsed and transferred to the plaintiff promissory notes of third persons. The notes not having been paid, the plaintiff, on the 10th of June, 1876, recovered three judgments against John D. Williams, upon his said indorsements, and on the same day caused executions thereon to be issued to said sheriff. The sheriff immediately levied on the right, title and interest of John D. Williams, in all of the goods in the possession of said partnership, and subsequently made an absolute sale of all of said goods (not of the interest of said John D. Williams therein), and delivered the same to the purchasers at such sale respectively. Intermediate the levy and sale, several executions against both of said partners, upon judgments recovered by the defendants respectively, excepting Carpenter, for partnership debts, were delivered to the sheriff. The justice at

Special Term decided that priority must be given to the plaintiff's executions for two reasons : first, that the sale by the sheriff was under his executions exclusively ; second, that the goods purchased of the plaintiff had never been transferred to the partnership, and that the proceeds of the sale of those goods were sufficient to satisfy the plaintiff's executions. Assuming, for the present, that the goods sold were partnership property, I am of opinion that the judgment is erroneous. The sheriff having made a levy upon all the goods under the plaintiff's executions, and being in actual possession of the goods when the executions in favor of the defendants respectively were delivered to him, such levy was good and sufficient for the executions in his hands last referred to, and enured to the benefit of the plaintiffs in such executions respectively. (*Cresson* v. *Stout*, 17 Johns. R., 117; *Van Winkle* v. *Udall*, 1 Hill, 559; *Slade* v. *Van Vechten*, 11 Paige, 21; *Peck* v. *Tiffany*, 2 Comst., 451; *Eighth Nat. Bk.* v. *Fitch*, 49 N. Y., 539.) A levy consists in taking possession of the goods, and the sheriff having such possession, although for the purpose of selling the interest of one partner only, can do no more by way of making an actual levy for the purpose of selling the whole interest in the goods. (*Waid* v. *Gaylord*, 1 Hun, 607.) The sale of the sheriff having embraced the *corpus* of all the goods, and not the interest of the debtor in the plaintiff's executions only, the presumption which the law raises, in favor of the regularity of the proceedings of public officers, is sufficient to show that the sale was in fact made under the executions against both partners. For after many fluctuations, the rule of law has at last become well settled that, under an execution against one partner, while the sheriff may levy upon the interest of that partner in the goods of the partnership, and for that purpose may remove and take possession of the goods, his power of sale is limited to the residuary interest of such partner in the goods, subject to the equitable lien of the debts due to the creditors of the firm and to the other partners, on a settlement of the partnership accounts. (*Menagh* v. *Whitwell*, 52 N. Y., 158 ; *Walsh* v. *Adams*, 3 Denio, 125.) The sheriff acts under a statute power, and can transfer no greater interest than the execution debtor himself could do by a voluntary sale of his interest in the partnership. That

interest, so transferrable, is merely an aliquot share of the surplus, after satisfying the claims of creditors of the partnership and of his copartners. (*Morss* v. *Gleason*, 64 N. Y., 204.) If the sheriff had made the sale under the plaintiff's executions, which he did make, he would have been a trespasser *ab initio*. For such a sale would imply a seizure of the property of the partner not sued, for his copartners' debt. (*Waddell* v. *Cook*, 2 Hill, 47 ; *Walsh* v. *Adams*, *supra*.) The presumption stated, I think, was not rebutted by the evidence given on the part of the plaintiff, that the levy was made under the plaintiff's executions, and that notices of sale of the interest of John D. Williams only, under those executions, were posted, for, as has been shown, it was not the duty of the sheriff to do any act in order to make a levy under the executions of the defendants, and he may have posted other notices of a sale under the other executions. There was ample time to do so, and evidence was given by the defendants, which renders it probable that such other notices were posted.

Having in his hands executions against all the members of the partnership, and others against one member only for his individual debt, it was the duty of the sheriff to sell the partnership property for the satisfaction of the former executions, and if any goods remained, then to sell the interest of the single partner therein for the satisfaction of the execution against him. (*Dunham* v. *Murdock*, 2 Wend., 553; *Peck* v. *Tiffany*, 2 Comst., 451; *Eighth Nat. Bk.* v. *Fitch*, 49 N. Y., 539.) The sale, in this case, was in accordance with the sheriff's duty, and if it was not preceded by the requisite notice of sale that fact created an irregularity, which had no greater or different effect than that of selling the whole partnership goods under an execution against one partner. In either case there would be a lack of authority to make the sale, for the sheriff was not authorized to sell, under the defendants' executions, without the prescribed notice of sale, nor under the plaintiff's, without restricting the sale to the interest of the single partner in the goods. There having been no valid sale under the plaintiff's executions, he has acquired no right to the proceeds of the goods sold, nor has he any legal or equitable right to have such proceeds diverted from the defendants, for the reason that they had a prior lien on the goods sold, and such priority of

lien in equity attached to such proceeds. The plaintiff may have a remedy against the sheriff, on proof that the goods were sufficient to satisfy the partnership creditors, and leave a surplus which the sheriff might have made available in satisfaction of the plaintiff's demand, by a sale of the interest of the single partner therein ; and the sheriff may have become liable to the defendants in the executions for making an illegal sale of their goods. But the irregularity or illegality of the sheriff's proceedings affords to the plaintiff no muniment of title to the fund in controversy. The case of *Fenton* v. *Folger* (21 Wend., 676), would seem to be an authority for the proposition, that the proceeds of a valid sale, under an execution against one member of a partnership, belong to the plaintiff in that execution in preference to a creditor of the partnership who had recovered a judgment against the latter, and had delivered to the sheriff an execution thereon, but which the sheriff did not execute. That was a decision at law, and it can be sustained only upon the ground that the sale under the execution against the single partner was a sale of his interest only, and that there had been no sale of the property of the partnership. If it is susceptible of a construction which sustains the claim of the plaintiff in this case, it is in conflict with the cases in 2 Comstock, and 49 New York, which have been cited, and must be deemed overruled thereby.

The only remaining inquiry is, whether that portion of the goods sold in this case, which John D. Williams bought of the plaintiff, was the property of the partnership. That it was, seems to be clear in reason and upon authority. Conceding that Louis W. Williams contributed nothing, the goods contributed by John D. Williams constituted the sole basis of the partnership. The business of the partnership was to sell those goods, and to buy and sell other goods of the like description. Louis was to share equally with his father in the business. The goods bought by John D. of the plaintiff, as well as the goods subsequently bought by the partnership, were sold indiscriminately, and the proceeds were received and appropriated by the partnership. Those acts, in the absence of a contrary agreement, are unequivocal evidence of a community of interest in the property as well as in the profit and loss. (Story on Part., §§ 16, 27, 29.) When it does not

appear what is the precise amount of the respective shares of the partnership, the presumption is that they are entitled equally. (Coll on Part., § 167.) Whatever, at the commencement of a partnership, is thrown into the common stock, etc., belongs to the firm, unless the contrary be shown. (Lindley on Part., 546.)

In *Peacock* v. *Peacock* (16 Ves., 56), it was held that as no distinct share in the partnership property was ascertained by force of any express contract between the partners, they must, of necessity, be equal partners, if partners in anything. That was adopted as a rule of law by Ch. KENT and by the late court for the correction of errors. (3 Kent's Com., 6; *Gould* v. *Gould*, 6 Wend., 263–267.) The same principle was decided in *Ex parte Owen* (4 De G. & Sm., 351), and in *Bradbury* v. *Smith* (21 Me. 117). In any event, both parties are estopped by their acts and conduct as partners from averring or proving against creditors of the partnership that the property sold was not partnership property, and the plaintiff, who is a creditor of one of them, is in no better position than his debtor; for it cannot be pretended that the plaintiff retained a vendor's lien on the goods sold by him. Consequently he is also estopped from denying that the goods belonged to the partnership. (*Kelly* v. *Scott and others*, 49 N. Y., 595.)

The judgment must be reversed and a new trial must be granted, with costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.