*123 By the Court,
Jones, J.
It is well settled that upon an execution, issued upon a judgment, recovered against one partner, for his individual debt, the sheriff can only levy on and sell the judgment debtor’s interest in the partnership goods.
It is also well settled that, under such execution, the sheriff has the right and power to take the goods levied on into his own possession, and upon a sale thereof, provided he sells only the interest of the judgment debtor, to deliver them to the purchaser ; but it is decided that, if he undertakes to sell the entire property in the goods, he becomes a trespasser ab initio, and is liable in an action of trespass at the suit of the partner against whom the execution is not issued; and that in such action the damages recoverable are the value of the plaintiff’s undivided share in the goods sold, irrespective of the question whether the partnership was solvent or not solvent, and without regard to the state of the partnership accounts. (Waddell v. Cook, 2 Hill, 47. Walsh v. Adams, 3 Denio, 125.)
These being decisions of the Supreme Court, as it was constituted prior to the judiciary act of 1847, we are bound to follow them, unless they have been reversed by some court of a higher authority than the court that pronounced them.
It is suggested that these cases have been overruled, or, at least, their doctrine doubted, by the cases of Hull v. Carnley, (11 N. Y. Rep. 501,) and Goulet v. Assell, (22 id. 225.)
In my opinion, there is nothing in the Court of Appeals cases that impairs the force of the Supreme Court cases. They are two different classes of cases, and the distinction between them is so well pointed out in Hull v. Carnley (11 N. Y. Rep. 508, 509,) that it is needless here to enlarge on it.
Under the authority of these Supreme Court cases the judgment, so far as it is attacked by the defendant Kelly, is correct, unless the attachment bound the partnership to a greater extent than the levy of an execution, issued upon a judgment against two of'the partners for their individual debt, would bind it.
I do not understand the defendant’s counsel to claim that *124 the sheriff, under the attachment, was authorized to attach the entire property in the goods in question. There is no warrant in the law for such a claim. He claims that" the partners, against whose property the attachment issued, had, as such partners, a right to appropriate the goods attached to the payment of the partnership debt, for the collection of which the attachment issued, and that this right was subject to the attachment in question, and was attached. Conceding this to be so, for a moment, still the sheriff, on a sale, could only sell what he attached, (the execution not covering any thing more,) that is, the right and interest of the partners against whom the execution issued, in the goods, together with their right of appropriation. If he undertook to sell any thing more he became a trespasser as to the partners against "whose property there was no attachment—a trespasser ab initio.
It cannot be contended that the mere levy of the attachment operates as an appropriation of the entire property in the goods to the payment of the debt, for that would be to take on a legal process issued against the property of two, the property of a third person.
If the firm was perfectly solvent, there can be no question but that the doctrine that the levy of an attachment, for a partnership debt, against the property of two members of a firm, upon sundry of the partnership goods, operated as the appropriation of the entire property to the payment of the debt, would be taking the property of the other members upon process not running against them.
If it be alleged that, by reason of the insolvency of the firm, the partners against whom the attachment was not issued had no property or interest in the goods, then, for the same reason, the partners against whom the attachment issued had no property or interest in the goods. If there was no property ox-interest in any of the partners, then the only pereons in whom such property or interest could be, would be the creditors at lax-ge. The result of this would be that no attachment or execution could be levied on property which an insolvent firm owned at the time of the insolvency, nor could such insolvent *125 firm make an assignment for benefit of creditors. A proposition leading to this result cannot be seriously urged.
It may be said that if the two partners, against whose property the attachment issued, had paid, out of their individual funds, enough partnership debts to entitle them, on an accounting,- to have the goods adjudged to belong to them exclusively, then the attachment bound the entire property. The answer is that, on the same principle, an execution issued on a judgment against one partner, for his individual debt, would; in a like case, (there being no outstanding partnership debts,) cover the entire property, and a sale thereof would be authorized; yet the court, in the above cited Supreme Court cases, in holding that the plaintiff was entitled to recover the value of his undivided share, without regard to the state of the partnership account, necessarily held that, even in such case, the execution would not cover the entire property, and that, consequently, a sale thereof was unjustified. .
I think. it may be safely laid down, that whatever the state of the partnership accounts may be, whatever may be the state of the firm as to solvency, each partner, has a property and interest in the partnership assets, co-equal to his share in the firm, and retains such property- and interest until it is divested, by due process of law, running against him, or by some, voluntarily act of his copartners, done within the scope of the partnership.
For these reasons I have come to the conclusion that the levy of the attachment in question did not per se operate as an appropriation of the entire property in the goods, to the payment of the debt for which it was issued.
Not so operating, their assuming such right of appropriation to be attachable, and to .have been attached, the sheriff was bound to keep the right, and to sell it under the execution.
The process under which the sheriff acted only authorized him to sell the interest of the parties, against whose property the attachment was issued, in the goods attached, with their right of appropriation. Having sold the entire property, he exceeded his authority, and, by reason of such excess, became *126 liable, as a trespasser ab initio, to the same extent, and in the same manner, as he becomes liable by an excess of authority in selling the entire property in goods belonging to a firm, on an execution issued on a judgment against one partner for his individual debt.
I have proceeded thus far, on the assumption that such right of appropriation was attachable. But I deny that it is attachable. It is not property, in any sense of the word. It is a mere right incident upon the relation of partnership, and grows out of the principle that each partner is the agent of the other in transacting the business of the firm. How, without the aid of statutory provisions, a sheriff can, by a levy under an attachment against the property of two partners, constitute himself or a purchaser- at a sale, made by him, of the attached property, an agent of those against whom-no attachment has been issued, to dispose of their interest in the property, I am unable to conceive.
In no view of the case is it withdrawn from the operation of the principles established by the above cited cases in the Supreme Court.
The counsel for the defendant Kelly, however, makes the point that, irrespective of the attachment, he is protected by the execution, because the sale to Berry was void, as being made with intent to hinder, delay and defraud creditors. The learned judge, before whom the case was tried, says the bona fides of this sale was not seriously controverted on the trial; it certainly was not seriously controverted on the argument. In fact, the evidence shows that it was bona fide.
The judgment against the defendant Kelly must be affirmed.
But the plaintiff ^has also appealed from the judgment, claiming:
1. That he is entitled to judgment against Ketchum and others.
-. 2. That he should not be limited to one third of the value of the goods, but should be allowed to recover the whole value.
*127 3. That he is entitled to costs as against the defendant Kelly.
The first ground of appeal is based on the fact that the defendants, Ketuhum. and others, gave to the sheriff a bond of indemnity. The bond is not in evidence, and we know nothing of its contents, except as they are alleged in the complaint. The complaint alleges that the defendants, Ketchums & Belknap, indemnified and directed the sheriff to take, remove and sell all the goods, and that the sheriff, in consequence of such indemnity, did sell, absolutely, all of said goods, and not the right, title and interest therein of said Greorge Carroll and Benjamin F. Mead only. The answers of the defendants, Ketchums & Belknap do not controvert these allegations. They consequently admit that this sale of the entire property was made by their direction. They are, consequently, trespassers, as "well as the sheriff. Judgment should have been given against them.
In regard to the second ground of the plaintiff’s appeal, his counsel relies on the two cases in the Court of Appeals of, Hull v. Carnly, (11 N. Y. Rep. 501;) Manning v. Monaghan, (23 id. 539.)
In those cases the action was brought by a mortgagee, holding a chattel mortgage, the goods covered by the mortgage having been sold by the sheriff in separate parcels on an execution issued on a judgment against the mortgagor before the mortgage became due, and before the mortgagee was entitled to possession ; and the court intimates that if the payment of the mortgage debt depended in whole or in part on the efficacy of the mortgage, and if the efficacy of the mortgage was destroyed by the .manner in which the mortgaged property was sold under the execution, the sheriff, if notified of the mortgage, would be liable for the damages sustained. It will be observed that the mortgagee had a reversionary interest in the whole of the goods, and that such reversionary interest was superior to the sheriff’s right under the' execution ; it might, therefore, .well be held that the sheriff was bound to exercise his subordinate right in such manner as not to damage the superior right.
*128 In the case before us the plaintiff bought the goods subject to the attachment on the shares of two of the partners ; his right, therefore, was subordinate to that of the sheriff. Being thus subordinate he is not at liberty to control the sheriff in the exercising of his superior right in such manner as shall be more, beneficial. Again, for the share unattached, the plaintiff has received full damages. As to the attached shares, he has no greater rights than the partners against whom the attachment issued would have had. The rights of such partners would be, in case the proceeds of sale were more than enough to satisfy the execution, to have the excess paid to them, and in case of abuse of process, to hold the sheriff liable in damages for such abuse. The complaint in this action sets forth no abuse of process further than can ,be gathered from the allegation ¥ that the goods were, sold in many parcels to many parties unknown to the plaintiff, and that it is next to impossible to follow said goods into the hands of such purchasers.”
How under section 23, article 2, title 5, chapter 6, part 3 of the Bevised Statutes, which provides, that on a sale under execution, personal property shall be offered for sale in such lots and parcels as shall be calculated to bring the highest price, the bare fact that the sheriff sold in many parcels can be an abuse of process, I am at a loss to perceive.
It may be that if the plaintiff had a right superior to the attachment and by such right was, after the sale, entitled to the possession of the goods, or to an action against the purchasers arising out of the goods, the above cited section should be made to yield, so that no unnecessary impediment should be placed in the way of pursuing the goods or bringing the action.
I am unable to see that the plaintiff has any such right of pursuit or of action. He made an absolute purchase of all the goods of the firm except those attached. As to those attached he purchased the share of the partners against whom no attachment was issued, and such interest as the other partners had in their shares after satisfying the attachment. The purchase vested .in him such shares and interest free from all claims thereon for part *129 nership or individual debts. He stands in no position to say to the purchasers at the sheriff’s'sale, as this partnership was insolvent, you are bound either to restore the goods to be applied to the payment of parsnership debts,, pro rata, or to account for their value for the same object.
As to the third ground of the plaintiff’s appeal, although I think it somewhat doubtful whether the plaintiff is not entitled to costs, as matter of course ; yet, as my associates are are of a different opinion, and think that the costs were in the discretion of the court below, I am willing to yield my doubts to their united conviction.
Judgment affirmed as to Kelly, without costs to either party. Judgment as to the defendants Ketchum and others must be reversed and a new trial had, with costs to the plaintiff, to abide the event.