By the Court.—Speir, J.
The question presented is, what title or interest superior to that of the assignee, the plain biffs had in the goods sold under the agreement.
It is obvious, that whatever title or interest they had resulted from the levy of the attachment. We must, therefore, see what title or interest that levy gave.
In Berry v. Kelly (4 Rob. 106), it is determined that under an attachment issued under like circumstances, only the right and interest of the partner, against whom it was issued, in the partnership goods could be attached. That right and interest is the surplus remaining after the partnership debts have been paid.
If, under an execution issued by plaintiffs upon a judgment obtained by them in the action in which the attachment issued, the sheriff had sold the right and interest of the partner against whom the attachment issued, in the partnership property (his interest in which was seized under the attachment), then as to the plaintiffs the sum for which such right and interest was sold would represent the value thereof and be applicable on their judgment; but as to the purchaser such sum might well not represent the value of such interest. Its value to the purchaser would depend upon the state of the partnership affairs ; if the firm was insolvent its value would be nothing, and it would increase in value in proportion as the affairs of the firm approached to solvency.
In this case there has been no sale under execution in consequence of the agreement between the plaintiffs and the assignee of the firm. The substantial effect of that agreement is to place plaintiffs in the position of purchasers, for a nominal sum, of the right and interest of the partner against whom the attachment issued. It follows that the actual value of that right and *409 interest, as dependent on the condition of the partnership affairs, is the measure of their interest in the goods themselves and in the proceeds thereof arising from the sale by the assignee.
It appeared on the trial, that the firm were largely insolvent, its indebtedness being $12,000, while its total assets were only $3,000.
The interest of the partner against whom the attachment issued in the goods, his interest wherein was wholly valueless, and, in fact, nothing.
No right or interest in the goods was therefore seized under the attachment, and consequently plaintiffs have no interest in and are not entitled to any portion of the goods. It results that the complaint was properly dismissed.
Judgment affirmed, with costs.
Curtis, Ch. J., concurred.