ELNATHAN SWEET, Jr., Respondent, v. DORILUS MORRISON et al., Appellants.

A provision in a copartnership agreement assigning to one of the partners the duty of conducting the financial settlements may not be construed as abrogating or dividing the general partnership authority, and giving to the one absolute and exclusive control over the finances of the firm. Such an intention must be clearly and distinctly expressed.

Accordingly *held*, that a settlement made by other members of the firm with one indebted to it was valid and binding upon the firm.

In an action to set aside such a settlement on the ground of collusion and fraud on the part of the other members of the firm and the debtors, *held*, that plaintiff, on proof of the fraud alleged, was not entitled to set aside the settlement, or to recover the debt which was discharged, or his proportion thereof; but to recover the damages sustained by him, which were only the diminution of his partnership share produced by collusive waste of partnership assets, and this could only be ascertained by a settlement of the partnership account; that he had a right, notwithstanding the settlement, to be placed in the position he would have been in if the full debt had been honestly paid to his copartners, and he had received his aliquot share of the assets thus increased, after payment of the firm debts.

(Argued June 14, 1886; decided October 5, 1886.)

THESE are cross-appeals from a judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made the second Monday of May, 1884, which modified and affirmed as modified a judgment in favor of plaintiff, entered upon the report of a referee after an interlocutory judgment on trial at Special Term.

This action was brought by plaintiff, who was a member of the firm of Fleming, Kennedy & Co., against his copartners, and the individual members of the firm of Payson, Canda & Co. to set aside, on the ground of collusion and fraud as against plaintiff, a settlement made between the defendants of a claim held by the former firm against the latter.

Payson, Canda & Co. entered into a contract with the Northern Pacific Railroad Company for the construction by that firm of a portion of its road; Payson, Canda & Co. made a sub-contract with Fleming, Kennedy & Co., by which the latter firm agreed to do the grading for a portion of the road covered by the former contract. This firm was formed for the purpose of doing the work. By the partnership agreement the duty was assigned to plaintiff of conducting the financial settlements, and to his associates the superintendence of the work. The court found that Payson, Canda & Co. made a settlement with plaintiff's copartners against his protests for the work done under the contract between the two firms, on a false statement of the quantity of work done, which settlement was fraudulent; that plaintiff's said copartners acted in collusion with Payson, Canda & Co., and that plaintiff was entitled to an accounting, and to recover whatsoever should be found due him. An accounting was had, and the referee decided that there was an amount due and unpaid plaintiff's firm over and above the amount allowed on such settlement. For which sum, with interest, judgment was rendered in favor of plaintiff. The General Term reduced the recovery to one-fourth, that being plaintiff's interest in the partnership.

Further facts appear in the opinion.

*John Van Voorhis* for appellants. The court will not set aside a release given by one of two plaintiffs to a defendant after action brought, unless fraud can be clearly established. (*Furnival* v. *Hardy*, 7 J. B. Moore, 356; *Anton* v. *Booth*, 4 id. 192; *Sparrow* v. *Cushman*, 9 B. & C. 241; *Richmond* v. *Heapy*, 1 Stark. N. P. 83.) If one of several copartners execute a release of a copartnership debt it is binding on all the

partners, and extinguishes the debt. Each partner is competent
to discharge partnership demands. (*Pierson* v. *Hooker,* 3
Johns. 68; *Buckley* v. *Dayton,* 14 id. 387; *McBride* v. *Hagan,* 1 Wend. 326; *Mabbett* v. *White,* 12 N. Y. 442; *People,
ex rel. Eagle,* v. *Keyser,* 28 id. 226; *Wilcox* v. *Iowa, etc., University,* 32 Iowa, 367; *Peck* v. *Gurney,* L. R., 13 Eq. Cas. 79,
113; *Jones* v. *Yates,* 9 B. & C. 532; *Craig* v. *Hutchizer,*
N. J. L. 363.) A majority of the copartners had a right to
settle a firm debt, and their discharge is conclusive on the firm.
(*Carroll* v. *Charter Oak Ins. Co.,* 10 Abb. [N. S.] 166; *Wood*
v. *Perry,* 1 Barb. 114; *In re Cooper,* 93 N. Y. 507; *Kenny*
v. *Apgar,* id. 539; *Lee* v. *Tillotson,* 24 Wend. 337; *Embury*
v. *Conner,* 3 N. Y. 571; Cooley on Const. Lim. 181; Pars.
on Part. 238; *England* v. *Curling,* 8 Beav. 129–132; *Solomon* v. *Solomon,* 2 Kelly, 18; *Jackson* v. *Sedgwick,* 1
Swanst. 460, 499; *Boyd* v. *Minat,* 4 Ala. 79; *Blisset* v.
*Daniel,* 11 Hare, 493; 1 Coll. on Part. [6th ed.], § 154, subd.
2; *Ex parte Harris,* 1 Rose, 437; *Const.* v. *Harris,* 1 T. & R.
496; Pars. on Part. 232; *Tradesmens' Bk.* v. *Astor,* 11
Wend. 88; *Binney* v. *Bk. of U. S.,* 5 Pet. 529; *Bk. of
Rochester* v. *Monteith,* 1 Denio, 402; *Whittaker* v. *Brown,*
16 Wend. 505; *Bk. of Carolina* v. *Case,* 8 B. & C. 427.)

*Wm. W. Niles* for appellants. The four partners were not
only general agents of the partnership by virtue of their relation as partners, but by special written obligation from the
plaintiff. (*Hankin* v. *Bourne,* 8 M. & W. 703.) Every person with whom a partner deals in the way of the firm business
has a right to consider him as the partnership, whoever may
compose it. (*Winship* v. *Bk. of U. S.,* 5 Pet. 561.) One
partner has power to represent and to act for the firm in legal
proceedings. (*Burton* v. *Isitt,* 5 B. & A. 267.) If two partners commence an action, one may release the subject-matter of
it, which release will be binding on the copartner, and operate
as a bar to the action. (*Barker* v. *Richardson,* 1 Y. & J.
362; *Arton* v. *Booth,* 4 Moore, 192; *Jones* v. *Herbert,* 7 Taunt.
421.) One partner may suspend proceedings in an action by

the firm. (*Loring* v. *Brackett*, 3 Pick. 403.) Any special agreement of partners between themselves, not in violation of law, is binding upon the parties. (*North British Bk.* v. *Collins*, 28 Eng. L. & Eq. 7.) The general rule is that these special agreements are not binding upon any third parties who do not enter into the transactions, or any acknowledgment of them. (*Tradesmen's Bk.* v. *Astor*, 11 Wend. 87, 90; *Teller* v. *Whitehead*, 1 Daly, 269; *Devlin* v. *Harris*, 3 Green [Iowa], 186; *Nichols* v. *Chearrs*, 4 Sneed, 229; *Sandilands* v. *Marsh*, 2 B. & A. 673; *Smith* v. *Jamieson*, 5 Term Rep. 601, 603.) The agreement to "settle our estimates with you," signed by plaintiff in the firm name, could not be recalled after the settlement had been agreed on by one of the parties only. (*Wood* v. *Perry*, 1 Barb. 114.) Mere errors of judgment are no grounds for setting aside an award, and neither party will be allowed to prove for that purpose that the arbitrators decided wrong as to the law or the facts. (*Perkins* v. *Giles*, 50 N. Y 228.) Debts due to a firm may be compounded by one partner without the knowledge or consent of the others. (*Cunningham* v. *Littlefield*, 1 Edw. Ch. 104.) A release by one is binding on all. (*Pearsen* v. *Hooker*, 3 Johns. 68; *Bulkley* v. *Dayton*, 14 id. 387.)

*Edward W. Paige* for respondent. The court having found fraud as a fact, that finding would support a judgment, setting aside the settlement and adjudging a recovery, of the amount actually due, even if the partnership articles had not given plaintiff the exclusive power of settlement. (*Hackett* v. *Belden*, 47 N. Y. 624; *Canal Co.* v. *Gordon*, 6 Wall. 561.) The fraudulent agreement of settlement dispensed with the agreement for the engineer's estimate, because it disposed of the subject of the contract without that estimate. (*Moxon* v. *Payne*, L. R., 8 Ch. 881, 886; *S. C.*, 43 L. J. Ch. 224.) Upon the making of the settlement, a right of action in equity accrued at once by reason of the fraud. (*Van Courtlandt* v. *Underhill*, 17 Johns. 405, 420; *Mansfield, etc., R. R. Co.* v. *Veeder*, 17 Ohio, 385; *Kistler* v. *I. & St. L. R. R. Co.*, 88

Ind. 460; *Atlanta, etc., R. R. Co.* v. *Mangham*, 49 Ga. 260; *Starkey* v. *DeGraff*, 22 Minn. 431.)

*Henry Brodhead* for respondent. A partner, in exercising the corporate function and in enforcing the corporate right, owns the property and the whole of it, even if he sues without the other partners. (Pars. on Part. *171, § 3; Story on Part., § 97; Code of Civ. Pro., § 448; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Scannel* v. *Nightingale*, 6 Cal. 506.) Whenever a partner properly represents his firm, he is always the firm. (Macnaghten's Select Cases in Ch. 40; 2 Lindley on Part. 908; *Gordon* v. *Canal Co.*, 6 Wall. 561; *Longman* v. *Pole*, 1 M. & M. 223; *Smith* v. *Andrews*, 49 Ill. 528; *Legh* v. *Legh*, 1 B. & P. 447; *Cout* v. *Harris*, Tur. & Russ. 496.)

FINCH, J. There are, possibly, some facts in the mass of testimony taken in this case which admit of an inference that the settlement assailed was fraudulent and collusive as against the plaintiff. The proofs have not impressed us with the soundness of that conclusion; but the question is essentially one of fact, and, in the face of the finding of the referee, and its approval by the General Term, we can only reverse upon the ground that there was absolutely no evidence of fraud. We hesitate to do that for the reason that certain incidents were proved, which, standing alone, would tend to show collusion between all the other parties to injure and impair the rights of Sweet; and while they seem to us fairly explained, the adequacy of the explanation has not struck all minds alike.

But, conceding the fraud, and waiving the difficulty that the false estimates, if they were such, originated in the act and influence of the railroad company, which has been dismissed from the case, it is quite clear that such fraud was against Sweet alone and furnishes a cause of action to him only and not to his firm. His four partners who made the settlement with Payson, Canda & Co. had competent authority for that purpose, which bound the firm. The terms of their partnership agreement distributed among the partners the work to be done, as-

signing to Sweet, who was an engineer, the duty of "conducting" the financial settlements, and to his associates the work of grading. Such an agreement ought not to be construed as abrogating or dividing the general partnership authority, and making one absolute dictator over four as to the finances of the firm, unless such an intention is quite clearly and distinctly developed. The agreement strikes us as not so intended. It did not forbid or prohibit the exercise of authority or the right to participate on either hand. In many firms the business is necessarily divided into departments, which single partners specially control, but not to the absolute exclusion of the others, or so as to abrogate utterly their partnership authority. This agreement seems to us fairly of that character, and gave to Sweet a leadership or controlling influence in financial questions, while he did his duty in exercising it, but did not strip his associates of their general partnership rights. But Sweet did not perform that duty. He went away to attend to other business of his own, and left a letter directing Fleming to settle. He had no power to make such a substitution. When he surrendered his own control, it went back to the firm and remained there, since he could not take up and abandon his duty at his pleasure. The settlement made by the four partners, therefore, bound the firm. They lawfully represented it, and as to them there was neither fraud nor mistake. They allege neither, but deny both; and it follows that Payson, Canda & Co. were bound to pay the firm only the amount required by the settlement actually made.

Yet in spite of that, it was possible for Sweet's partners and the other defendants to make by collusion a settlement valid as between them, but fraudulent as to him; and that is the fraud charged and the fraud proved, if there be any. Sweet may recover, not the debt due to the firm, for that is discharged, but damages for the fraud practised upon him in the process. This is his individual right, and the resultant damages can only be measured by his individual loss, and that loss, if it exist at all, must necessarily be and can only be a diminution of his partnership share produced by a collusive waste of partnership assets.

But he has not proved any such loss. It cannot be known until a settlement of the partnership accounts what loss has resulted from the fraud. Payson, Canda & Co. are not bound to pay Sweet's firm, or Sweet's partners, any thing. Primarily the action is by Sweet against his copartners for a partnership settlement, in which he charges them with the willful and fraudulent waste of a valuable claim, and holds the debtors responsible also by reason of their collusive participation. That is the sole theory upon which the action can be maintained. To Sweet's partners and to his firm nothing is due from Payson, Canda & Co., and they can be compelled to pay only what is needed to perfect Sweet's rights as disclosed by an honest settlement. He has a right, notwithstanding the settlement actually made, to be placed in the position he would have been in if the full debt had been honestly paid to his copartners, and he had received his aliquot share of the assets thus increased, after payment of the firm debts. When that is done he has obtained full justice and all to which he is entitled. But as the case stands, his recovery may prove to be much too large or much too small. No final settlement of the firm accounts has been had, and every effort to prove their exact condition was prevented by the rulings upon the trial. It may turn out that, even after charging the four partners with the entire amount of the disputed asset, Sweet has already had his full share and is entitled only to judgment confirming him in its possession. In that event Payson, Canda & Co. would have nothing to pay. If it should appear that the firm debts are all paid, or if not, that the four partners are so solvent and able to pay their proportions as to permit that subject to be disregarded, and that Sweet has already had from the firm property in excess a sum equal to one-quarter of the disputed claim, then the sole relief necessary to his protection is a judgment confirming him in the possession of what he has received. His partners claim that to be the truth; that he took in advance and over and above his share all that this asset would produce, and having got it already has no claim to be paid it a second time. On the other hand, that claim of the

four partners may prove to be untrue, and it may further appear that large debts are outstanding, for which Sweet is liable, and, at least, if his partners are insolvent and unable to pay and all the other firm property is exhausted, he may require from Payson, Canda & Co. a sum sufficient to restore the solvency of the firm, and secure him his share of the surplus, even if it took much more than the sum he has already recovered. In other words, whatever loss of Sweet on a final adjustment of the partnership accounts can be traced to the waste of the disputed asset by his partners in collusion with Payson, Canda & Co. must be made good to Sweet out of it. But when that is done, full justice is rendered, and he is entitled to no more. The arbitrary award of one-quarter of the claim was, therefore, erroneous, since no sufficient facts are found to justify it.

There were cross-appeals from the judgment of the General Term. The plaintiff appealed from so much of it as reduced his original recovery, and the defendants because it permitted a recovery at all. The conclusion we have reached determines both appeals.

The judgment should be reversed, and a new trial granted, costs to abide event.

All concur.

Judgment reversed.