## George Sindelar
### v.
## James H. Walker.

*Partnership—Chattel Mortgage on Goods of—Foreclosure—Fraud.*

1.   If one partner and a third person take into their possession firm property, such act will not constitute a trespass.

2.   One partner can not recover for a trespass to the firm property directed or assented to by a co-partner.

3.   One partner has nothing separately in the *corpus* of the partnership effects.   His interest is what remains after the partnership debts are paid, and an account taken.

4.   This court holds as proper, the sustaining of a demurrer to the declaration in the case presented, the same alleging that a co-partner of the plaintiff in collusion with the defendant, wrongfully and fraudulently foreclosed a chattel mortgage upon firm property.

### [Opinion filed April 21, 1890.]

In error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Jones & Lusk, for plaintiff in error.

Messrs. Trumbull, Willits, Robbins & Trumbull, for defendant in error.

Moran, J.  The question presented by this record is, whether one partner can maintain an action at law against a third person, who, in collusion with the other partner, wrongfully and fraudulently forecloses a chattel mortgage upon firm property.

Counsel for plaintiff in error contend that such an action can be maintained, and have assigned for error the sustaining a demurrer in the court below to a declaration which alleges, in substance, that plaintiff and one Hubka were partners in the dry goods business and were indebted to the defendant in the

sum of $2,000, for which the said firm executed to said defendant a chattel mortgage on the stock and fixtures in the said firm's place of business. That it was provided in the said mortgage that said firm might retain possession of said goods and chattels until they should make default, and it was further provided that if said defendant should have reasonable cause to feel himself unsafe or insecure, or should fear or have reasonable cause to fear diminution, waste or removal of said property, then said defendant should have the right to take immediate possession of said mortgaged property; that before said mortgage was due, said defendant, colluding with said Hubka, made a pretended foreclosure of said mortgage, and by collusion as aforesaid, entered upon said premises, took possession of said goods and chattels mentioned in said mortgage, and ousted the plaintiff from the premises and the possession of said goods, whereby the said goods have been and are wholly lost to plaintiff; avers that defendant had no just or reasonable cause to feel insecure or unsafe, or to fear diminution, removal or waste of said property; avers that defendant colluded and confederated together with said Hubka how they might injure, harass and oppress plaintiff, and caused and procured said foreclosure to be made without any reasonable or justifiable excuse.

There is no allegation that the partnership is dissolved, or that there are not debts outstanding, or that an account has been taken. It is very clear that the interest of plaintiff in the partnership property has not been ascertained and therefore the facts alleged do not show that he has sustained any several or individual damage. If the other partner had not consented to the foreclosure and removal of the goods, then both partners might maintain an action against the defendant for the wrong; but one partner can not recover for a trespass to the firm property directed or assented to by the other. In fact, if one partner and a third person take into their possession firm property, this will constitute no trespass. The cases cited by counsel for plaintiff in error do not sustain his position. Longman v. Pole, Moody & Malkin, 223, which is chiefly relied on, is not like the case here.

Sindelar v. Walker.

There, one of five partners colluded with the defendant to suppress certain firm indebtedness, and the firm was dissolved, and upon the basis of the indebtedness, as it appeared, a settlement was had, and the partner, who, with defendant, was guilty of the concealment, was paid in full by his co-partners.

Afterward the fraud was discovered, and the other four partners having paid the suppressed debts, the fraudulent partner being a bankrupt, were said to be entitled to recover from the defendant the amount they had lost by reason of his and the bankrupt partner's misconduct.    It is quite unnecessary to review and distinguish authorities on this question.  They will be found collected and discussed in any of the works on partnership.  The case of Swart v. Morrison, 103 N. Y. 235, is in point to show that one partner can not maintain an action to recover for an injury to his interests as a partner, done by collusion of his co-partners with others, where there had been no settlement of the partnership accounts.

Counsel's contention that there is a presumption where there are only two partners that each partner is entitled in the partnership goods to the extent of one-half, does not aid him.  Neither partner has anything separately in the *corpus* of the partnership effects.  The interest of each is what remains after the partnership debts are paid and an account taken.  Menough v. Whitwell, 52 N. Y. 146.

If counsel had averred in his declaration a dissolution and settlement of the partnership accounts and a payment of all debts, then the presumption which he suggests might be indulged, in the absence of evidence showing the precise interest of each partner.

There was no error in sustaining the demurrer, and the judgment must, therefore, be affirmed.

*Judgment affirmed.*