GEORGE SINDELARE

*v.*

JAMES H. WALKER.

*Filed at Ottawa March 30, 1891.*

1.   PARTNERSHIP—*property of the firm—nature and extent of the rights of the several partners.*   A partner's right to partnership property is an ownership of all the assets of the firm, subject to the ownership of every other partner, all the partners holding the entire firm assets, subject to the payment of the partnership liabilities.

2.   SAME—*injury to partnership property — by a stranger—right of action in one partner.*   One partner can not, before a dissolution of the partnership and a settlement of the partnership accounts and dealings, maintain an action at law against a third person, who, in collusion with the other partner, wrongfully and fraudulently forecloses a chattel mortgage upon the firm property before the debt is due.   The individual partner can not maintain an action at law for an injury to his interests as a partner, done by collusion of his co-partner with others, when there has been no adjustment of the partnership accounts.

3.   The individual interest of one partner in the firm property and business can only be ascertained by a settlement of the partnership; and this applies to the interest of a partner in the profits or good will of the partnership business, as well as to the tangible assets of the firm.

4.   So until a partner's interest in a partnership has been determined, there can be no ascertainment of his damages by injury thereto by a stranger acting in collusion with his co-partner.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. JONES & LUSK, for the plaintiff in error:

On the question whether an action will lie, at the suit of a partner, for an injury to the firm property by one acting in collusion with his co-partner, see *Mahew* v. *Herrick*, 62 Eng. Com. Law, 229; *Fox* v. *Rose*, 10 Upper Can. (Q. B.) 16; *Hagar* v. *Graves*, 25 Mo. App. 164; *Longman* v. *Pole*, Moody & M. 223; *Calkins* v. *Smith*, 48 N. Y. 614; *Barton* v. *Williams*, 5

Barn. & Ald. 395; *Robinson* v. *Marchant*, 53 Eng. Com. Law,. 917; 1 Addison on Torts, 9, 439; *Lockley* v. *Pye*, 8 M. & W. 135; *Manufacturing Co.* v. *Manufacturing Co.* 16 Pick. 235; *Menagh* v. *Whitwell*, 52 N. Y. 128; *Sweet* v. *Morrison*, 103 N. Y. 235.

Messrs. TRUMBULL, WILLITS, ROBBINS & TRUMBULL, for the defendant in error:

On the question cited, see *Jones* v. *Yates*, 9 B. & C. 532; *Brandon* v. *Scott*, 7 E. & B. 232; *Sparrow* v. *Chisman*, 9 B. & C. 241; *Wallace* v. *Kilsall*, 7 M. & W. 263; *Bopp* v. *Fox*, 63 Ill. 540; *Newhall* v. *Buckingham*, 14 id. 408; *Chandler* v. *Lincoln*, 52 id. 77; *Menagh* v. *Whitwell*, 52 N. Y. 146; *Martin* v. *Stubbings*, 20 Bradw. 381; *Sweet* v. *Morrison*, 103 N. Y. 235; *Claggett* v. *Kilbourne*, 1 Black, 346; *Harvey* v. *Crickett*, 1 M. & S. 336; *Buckmaster* v. *Gowen*, 81 Ill. 155; *Smith* v. *Riddell*, 87 id. 165; *Bowzer* v. *Stoughton*, 119 id. 47; *Carter* v. *Bradley*, 58 id. 101; *Mason* v. *Tipton*, 4 Cal. 276.

Mr. JUSTICE WILKIN delivered the opinion of the Court:.

Plaintiff in error brought an action on the case against the defendant in error and one Hubka, in the circuit court of Cook county. He afterwards dismissed as to Hubka. The circuit court sustained a general demurrer to his declaration, and rendered judgment against him for costs of suit. The Appellate Court affirmed that judgment, and he prosecutes this writ of error.

The only question involved in the suit is, could plaintiff maintain this action at law on the allegations of his declaration. In substance, these allegations are, that plaintiff and said Hubka were partners in the dry goods business in the city of Chicago, owning a stock of goods and certain store fixtures, on which they had previously executed a chattel mortgage to defendant in error; that long before the maturity

thereof, and without any authority of law whatever, defendant in error, by collusion with said Hubka, wrongfully foreclosed said mortgage, and took possession of not only the goods and chattels described therein, but also of others, of the value of $5000, belonging to said firm, which he afterwards pretended to sell to said Hubka; that by reason of said wrongful seizure and transfer, plaintiff was deprived of said goods and the profits and good will of said business; that said wrongs were committed in pursuance of a confederation and collusion between said defendant in error and said Hubka, to injure and defraud the plaintiff. There is no averment that the co-partnership between plaintiff and Hubka has been dissolved, or any settlement whatever had of their partnership affairs. The declaration, therefore, not only fails to show any individual title or ownership in plaintiff to said property, partnership business, or the profits or good will thereof, which he says he lost, but affirmatively discloses a state of facts from which it appears that he had only a community of interest therein with his partner, who consented to said transfer and all that was done by defendant in error.

A partner's right to partnership property is an ownership of all the assets of the firm, subject to the ownership of every other co-partner, all of the partners holding all of the firm assets subject to the payment of the partnership debts and liabilities. (Parsons on Partnership, 350.) It is clear, therefore, that the individual interest of one partner in the firm property and business can only be ascertained by a settlement of the partnership. (*Bopp* v. *Fox*, 63 Ill. 540; *Chandler* v. *Lincoln*, 52 id. 77; *Menagh* v. *Whitwell*, 52 N. Y. 146.) This rule applies to the interest of a partner in the profits or good will of the partnership business as well as to the tangible assets of the firm. Until plaintiff's actual interest in the partnership has been determined, there can be no ascertainment of his damages. *Buckmaster* v. *Gowen*, 81 Ill. 285; *Sweet* v. *Morrison*, 103 N. Y. 235.

We are clearly of the opinion that, on the facts stated in his declaration, plaintiff has no standing in a court of law. We find nothing in the authorities cited by his counsel in conflict with this conclusion.

The judgment of the circuit court was right, and was properly affirmed by the Appellate Court.

*Judgment affirmed.*