[No. 13201.   Department Two. — June 30, 1891.]

JOSEPH A. CARRIE, Assignee, etc., Respondent, *v.*
CLOVERDALE BANKING AND COMMERCIAL
COMPANY, Appellant.

Partnership — Suit by Assignee of Insolvent Firm — Recovery of
Property Sold — Void Sale by One Partner — Amendment of
Complaint. — In an action by an assignee of an insolvent firm to recover
the value of certain sheep, alleged in one count of the complaint to have
been sold to the defendant by the firm in violation of section 55 of the
Insolvent Act, it is not error for the court to permit the complaint to be
amended by adding a count charging the sale of the sheep to have been
void because made by only one of the partners, without authority from
the other partner.

Id. — Temporary Absence of Copartner — Sale of Entire Partnership
Property — Excess of Authority. — The fact that one of the partners
in a firm is temporarily absent from the state at the time of the sale of
the entire partnership property by his copartner does not render him in-
capable of acting, within the meaning of section 2430 of the Civil Code,
nor of itself constitute an abandonment of the business to his copartner,
and the sale of the entire partnership property by the latter is in excess
of his authority as a member of the firm, and does not pass the absent
partner's interest in the property to the purchaser.

Id. — Effect of Unauthorized Sale — Interest of Partner Making
Sale. — A sale of the entire partnership property made by one partner,
without the authority or consent of the others, passes title to the interest
of the partner making the sale, and when made in payment or satisfac-
tion of the partnership indebtedness is valid in reference to the whole
property as against every person except the non-consenting partner or
the successor to his right of action therefor, and neither the non-
consenting partner nor the assignee of the firm can maintain an action
for the conversion of the whole partnership property upon the ground
that the partner making the sale exceeded his authority in so doing; and
the non-consenting partner is only injured to the extent of the value of
his interest in the property, and is not allowed to recover any greater
amount as damages for such as to him unauthorized sale.

Id. — Conversion of One Partner's Interest — Action of Trover —
Measure of Damages — Solvency of Firm — State of Accounts. —
The measure of damages in an action of trover for the conversion of the
interest of one partner in partnership property is the value of his undi-
vided share in the property converted, irrespective of the question
whether or not the partnership was solvent, and without regard to the
state of the partnership accounts.

Appeal from a judgment of the Superior Court of
Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. A. Barham,* and *McGee & Barham,* for Appellant.

The court erred in allowing the amendment to the complaint. (Bliss on Code Pleading, sec. 429; *Ramirez v. Murray,* 5 Cal. 224; *Hackett* v. *Bank of California,* 57 Cal. 335, 336.) The departure from the state of one of the partners gives the remaining partner authority to act, and sell the property. (*Bernheim* v. *Porter,* 3 West Coast Rep. 434; *Forbes* v. *Scannell,* 13 Cal. 243.) Staley could and did dispose of his interest, and defendant became a tenant in common. (*Stokes* v. *Stevens,* 40 Cal. 391; *Henderson* v. *Nicholas,* 67 Cal. 153; *Jones* v. *Bailey,* 5 Cal. 346; *Myers* v. *Moulton,* 71 Cal. 499.) Tenants in common cannot maintain replevin or trover against a co-tenant. (*Stokes* v. *Stevens,* 40 Cal. 391; *McCauley* v. *Fulton,* 44 Cal. 359; *Myers* v. *Moulton,* 71 Cal. 499; Cooley on Torts, ed. 1880, p. 455; *Williams* v. *Chadbourne,* 6 Cal. 559; *Schwartz* v. *Skinner,* 47 Cal. 3; *Balch* v. *Jones,* 61 Cal. 235.) A sale of an entire interest does not amount to a conversion. (Cooley on Torts, ed. 1880, p. 455.)

*A. B. Ware,* and *William E. McConnell,* for Respondent.

The action of the court in allowing an amendment to the complaint, setting out the true facts in relation to the sale, was not error. Such amendments are within the power of the court, and are always allowed. (*Beronio v. S. P. R. R. Co.,* 86 Cal. 415; *Cheney* v. *O'Brien,* 69 Cal. 199–202; *Wilson* v. *Smith,* 61 Cal. 209; *Castagnino v. Balletta,* 82 Cal. 250; *Ward* v. *Clay,* 82 Cal. 502–509; *Sharon* v. *Sharon,* 77 Cal. 102; *Farmers' National Gold Bank* v. *Stover,* 60 Cal. 395; *Cox* v. *McLaughlin,* 76 Cal. 60; 9 Am. St. Rep. 164.) The amendment deprived the party of no right, as an opportunity was given the defendant to put in any evidence he might see fit, and consequently he could suffer no injury. (*Hart* v. *British etc. Ins. Co.,* 80 Cal. 440.) The pretended sale of the sheep by Staley to the defendant conveyed no title to the

purchaser. (Civ. Code, sec. 2430.) The plaintiff, being the assignee in insolvency, stands in the place of the creditors, and the sale was void as to him. (*Merrill* v. *Hurlburt*, 63 Cal. 494; *Kelly* v. *Murphy*, 70 Cal. 560.) A sale of the whole interest by one tenant in common constitutes a conversion. (*Williams* v. *Chadbourne*, 6 Cal. 559; *Schwartz* v. *Skinner*, 47 Cal. 3; *Wright* v. *Ward*, 65 Cal. 525.) Where neither of the partners has abandoned the business, a sale by one is void. (*Quinn* v. *Quinn*, 81 Cal. 14.)

DE HAVEN, J. — This is an action brought by the plaintiff, as assignee in insolvency of the firm of Scott & Staley, to recover the value of certain sheep alleged in the first count of the complaint to have been sold to defendant by said firm in violation of section 55 of the Insolvent Act of this state. The second count charges the sale of said sheep to have been made by only one of the partners, Staley; and that as the sheep constituted the entire stock owned by the partnership, the sale made it impossible thereafter to carry on the ordinary business of said firm; and that the business of said firm had not been abandoned to the partner making this sale, nor was the surviving partner incapable of acting; and further alleges a conversion of the sheep by the defendant. This second cause of action was not in the original complaint, but was added by way of amendment during the trial. The court, in its finding of facts, negatived the first cause of action stated in the complaint, and found the above facts alleged in the second count. It also found the full value of the sheep to be $5,157, and gave judgment against the defendant for that sum.

1. The court did not err in permitting the complaint to be amended by adding thereto the second cause of action, and thus to attack the contract under which defendant claims, upon the grounds therein alleged as well as upon those stated in the original complaint. In both

the original and amended complaint the plaintiff bases his right to maintain the action upon the alleged invalidity of the said contract of sale, and it was certainly proper for the court to allow the complaint to be so amended as to state all of the grounds upon which it is claimed that such contract is invalid.

2. The fact that Scott was temporarily absent from the state at the time of the sale did not render him incapable of acting, within the meaning of section 2430 of the Civil Code, nor of itself constitute an abandonment of the business of the firm to his copartner; and the sale of the sheep made to defendant by Staley was therefore in excess of his authority as a member of the firm of Scott & Staley (Civ. Code, sec. 2430), and did not pass Scott's interest in the sheep.

3. The court below, in rendering judgment in favor of the plaintiff for the full value of the sheep, proceeded upon the theory that this sale was absolutely void, and that the defendant acquired no rights thereunder which it can assert against the plaintiff. We cannot concur in this view. The sale, though ineffectual to pass the title of Scott, was binding upon Staley, and transferred his interest in the sheep, and neither he nor the firm of Scott & Staley, represented by plaintiff, can maintain an action for their conversion upon the ground that Staley had exceeded his authority in making the sale. This is the rule which is laid down by the best-considered cases in passing upon the rights of a copartnership growing out of an unauthorized sale of partnership property by one of its members in payment of his private indebtedness. (*Homer* v. *Wood,* 11 Cush. 68; *Farley* v. *Lovell,* 103 Mass. 387; *Craig* v. *Hulschizer,* 34 N. J. L. 364.) Such an act of a partner is neither more nor less in excess of his authority as such than was the sale by Staley in this instance, and we see no reason why the remedy for the unauthorized act should not in this as well as in that class of cases be confined to the non-consenting

partner.   This must be so, because he is the only person wronged, and he only to the extent of the value of his interest in the property sold.   A sale of partnership property made by one partner, under the circumstances found by the court in this case, is valid as against every person, except such non-consenting partner, or one who has succeeded to his right of action therefor.   The creditors of the firm of Scott & Staley have no ground for complaint which can be asserted through plaintiff as the successor of Scott, or as assignee of Scott & Staley, the court having found that the sale was made in satisfaction of an indebtedness of the firm, and that such sale was not fraudulent, nor made for the purpose of giving the defendant a fraudulent preference.   The judgment in favor of plaintiff for the full value of the whole property cannot therefore be justified upon the claim that Scott's right, as a partner, to have the property applied to the payment of the firm debts was violated by such sale, and we know of no ground upon which the judgment can be sustained upon the facts as alleged and found.   It cannot be assumed, without either allegation or proof, that Scott owned more than an undivided half of the sheep, or that, upon a settlement of the accounts between himself and partner, it would appear that he had a lien upon the other half for a balance due him as a partner, and therefore a special interest therein to that extent.   The sale was, as to Scott, a conversion of his interest in said property, and he had a right to so treat it as against the defendant claiming title to the whole property under it; or in a proper action he could have enforced against the whole property transferred, or its value in the hands of defendant, a lien for any balance which might be found due him from his copartner upon a settlement of the partnership accounts, and these, being vested rights of action relating to property, passed to the plaintiff as assignee of the insolvent firm of Scott & Staley.

Plaintiff does not ask for an accounting between the partners for the purpose of ascertaining the interest of each in the property sold after the satisfaction of any partnership liens to which in equity it is subject, but has elected to sue for a conversion; and we think the amount of damages he is entitled to recover in this form of action is measured by the value of the undivided half of the sheep sold, without any reference to the state of the partnership accounts between Scott & Staley. This is the rule that was applied in the case of *Walsh* v. *Adams*, 3 Denio, 125. That was an action of trover, brought by one partner against a sheriff, who, on an execution against another member of the firm, had seized and sold the whole of certain property belonging to the partnership. It was contended for the defendant in that case that the plaintiff was only entitled to recover what the value of his interest in the property would appear to be on an accounting with his copartner. The trial court refused to so instruct the jury, and the supreme court of New York, on appeal, Jewett, J., delivering the opinion of the court, affirmed this action, and said: "As to the question of damages, I entertain no doubt but that the general rule must control the question in this case. Under that rule the plaintiff was entitled to recover the value of his undivided share in the property converted by the defendant, irrespective of the question whether the partnership was or was not solvent, and without regard to the state of the partnership accounts."

We find no error in the record for which a new trial should be ordered, and will therefore remand the case, with directions to enter the proper judgment upon the facts as found.

Judgment and order reversed, with directions to the court below to enter judgment on the findings in favor of plaintiff for one half of the value of the sheep as

found, and interest on that amount from the date of the conversion, and for the costs of the trial in the court below.

SHARPSTEIN, J., and McFARLAND, J., concurred.