DOLL, RESPONDENT, *v.* HENNESSY MERCANTILE COM-
PANY, APPELLANT.

(No. 2,128.)

(Submitted June 19, 1905. Decided July 24, 1905.)

*Partnership—Actions in Firm Name—Rights of Partners—
Sale of Entire Stock by One Partner—Conversion—Rights
of Nonassenting Partner—Damages—Market Value—Evi-
dence—Instructions.*

Partnership—Actions in Firm Name.
     1.  An action may not be brought in a copartnership or firm name,
     section 590 of the Code of Civil Procedure, which provides that
     where persons, associated in business, transact such business under
     a common name, they may be sued by such common name, having no
     application to parties plaintiff.

Same—Rights of Partners—Actions Against Copartners.
     2.  Since the amount of the firm assets to which a partner is en-
     titled depends on a settlement of the partnership affairs and an
     adjustment of balances, which can only be determined by a volun-
     tary accounting or by a suit in equity, neither an individual part-
     ner, nor a purchaser of his interest, can sue at law to recover such
     share.

Same—Sale of Entire Stock by One Partner—Validity—Nonassenting
     Partner. .
     3.  Under Civil Code, section 3232, subsection 3, a sale of the en-
     tire stock in trade of a partnership to a stranger is absolutely void
     as to the nonassenting partner's interest in the property sold, and
     both the purchaser and seller may be held liable by the complaining
     partner for a wrongful conversion of such interest.

Same—Action Against Purchaser—Parties.
     4.  Where one partner sold the entire stock in trade of a partner-
     ship to a stranger without the consent of his copartner, in viola-
     tion of Civil Code, section 3232, subsection 3, it was not neces-
     sary that the nonassenting member of the firm make the wrong-
     doing partner a party plaintiff in an action against the purchaser
     for the value of the complaining partner's interest in the property
     sold.

Same—Conversion—Measure of Damages—Evidence.
     5.  The measure of damages applicable in an action brought by a
     partner to recover the value of his interest in the partnership
     property. sold to a stranger by his copartner in violation of Civil
     Code, section 3232, subsection 3, is that fixed by Civil Code, section
     4333, as the reasonable value of the property at the date of the
     conversion, or the highest market value at any time between the
     conversion and the verdict; and evidence, offered to show the ac-
     counts between the partners and that the firm was in debt, was
     neither relevant nor material as tending to establish the value of the
     property sold. .

Same—Proceeds of Sale Applied to Debts of Firm—Invalidity of Sale as Against Nonassenting Partner.

6. Under Civil Code, section 3232, subsection 3, declaring that a partner is without authority to dispose of the whole of the partnership property at once, the invalidity, as against a nonassenting partner, of an attempted sale by one partner of the entire partnership property, is not affected by the fact that the amount received in the purchase was actually expended in liquidating the firm debts, and evidence to that effect was properly excluded in an action by a nonassenting partner.

Same—Ratification by Nonassenting Partner—Knowledge of Circumstances.

7. The ratification by a nonassenting partner of a sale by another partner of the entire partnership property, in violation of Civil Code, section 3232, subsection 3, which action was entirely beyond the scope of his authority, could only be accomplished by his accepting the benefits of such a sale with full knowledge of all the circumstances surrounding it.

Same—Partnership Agreement—Contents—Oral Evidence.

8. Where, in an action brought by a member of a partnership to recover the value of his interest in the partnership property, sold to a stranger by his copartner in violation of Civil Code, section 3232, subsection 3, some of plaintiff's witnesses were questioned about the partnership agreement, but made no statements as to the contents of the writing, an offer to prove by oral testimony that the wrongdoing partner had authority under its terms to make the sale, was properly rejected, it not having been shown that the writing was lost or destroyed.

Same—Market Value of Goods Sold—Evidence.

9. The defendant in an action, brought by a nonassenting partner to the sale of the entire stock in trade of a partnership by his copartner in violation of Civil Code, section 3232, subsection 3, may show why a price greater than the market price was paid, and that other considerations than the market value entered into the determination of the price paid for the stock.

Same—Good Faith of Purchaser.

10. Under Civil Code, section 3232, subsection 3, declaring that a partner has no authority to dispose of the whole of the partnership property at once, the purchaser acquires no title as against a nonassenting partner, regardless of the good faith of the purchaser or his want of knowledge of the complaining partner's interest in the property sold, or of the copartner's wrongdoing.

Same—Value of Property—Instructions—Jury—Weight of Evidence.

11. An instruction, in an action by one partner in a partnership against the purchaser of its entire stock in trade, which had been sold by his copartner in violation of Civil Code, section 3232, subsection 3, that the amount paid for property converted is not controlling as to value, unless it appears from the evidence that the same is the reasonable value, but the recovery should be based on the reasonable value of the property, if it exceeds the amount paid, or, if not, then upon the amount paid, was inconsistent with itself, contradictory in statement, and invaded the province of the jury by stating the weight they should attach to a particular portion of the evidence.

Insufficiency of Evidence—Appeal—New Trial.
> 12. The supreme court will not ordinarily determine whether the evidence is insufficient to sustain the verdict, when a new trial is ordered for errors committed during the trial.

*Appeal from District Court, Silver Bow County; Wm. Clancy, Judge.*

ACTION by George E. Doll against the Hennessy Mercantile Company. From a judgment for plaintiff and from an order denying it a new trial, defendant appeals. Reversed.

*Mr. John J. McHatton, Mr. John G. Brown,* and *Mr. T. J. Walker,* for Respondent.

It is useless to discuss what the authority of one partner is or may have been at common law. The statute, if it means anything, is the absolute rule of law with reference to the matter. It supplants, according to the provision of the Code itself, the common-law doctrine. It renders one copartner as absolutely powerless to sell all, or that portion of the partners' property which will render it impossible for the partnership to continue in business, as a third person or a stranger. Whether he act for himself or assume to act for the partnership, his act of claimed conveyance or sale does not, and cannot in the face of the statute, convey any title to the party who receives the property.

The alleged sale was unwarranted, and under none of the authorities before the statute could the appellant claim to have succeeded to anything except the interest of Fleming, but, under our statute, it could not succeed as to that. It is in no position to say that it acquired any right whatever. It is in no position to say that this action should be maintained for an accounting, and that Fleming should be a party hereto, for, although it says so, had the action been brought in such a way it would have had the undoubted right to defeat it. This was recognized by this court in *Waite* v. *Vinson,* 14 Mont. 405, 415, 36 Pac. 828.

It cannot be that the appellant can complain that the action should be to set aside the sale. The principle of *caveat emptor*

applies.  If I bring an action to set aside a sale made by a party not authorized by me to make it, and whom the law prohibits from making it, I am not to be estopped because I do not offer to return the money paid.  The appellant in this case acted with knowledge and acted at its peril.

The fact that this action is against a third party, and is not an action for accounting between the members of the partnership, shows that that was neither necessary nor proper.  The fact that the plaintiff is only suing for one-half of the value of the property, to which he is admittedly, by the testimony, entitled, renders it unnecessary to discuss the question of bringing the action in the name of the firm, or joining Fleming as a party plaintiff.  In support of the correctness of our position we call attention to the statute and to *Steinhart* v. *Fyrhie,* 5 Mont. 463, 473, 6 Pac. 367; *Carrie* v. *Cloverdale etc. Co.,* 90 Cal. 84, 27 Pac. 58, and *Coleman* v. *Darling,* 66 Wis. 155, 57 Am. Rep. 253, 28 N. W. 367.

*Mr. James E. Healy,* and *Mr. M. J. Cavanaugh,* for Appellant.

This interest which the appellant purchased was not a determined interest, not a divided interest, nor an undivided interest, but it was a determinable interest, to be determined only by an accounting and settlement of the partnership business and affairs.  In order to determine the share of Fleming or Doll, and consequently the share of the appellant and respondent in this property, it became necessary to determine the original contribution of each partner, and the fact whether there was a profit or loss, and if so, how much.  And in order to do this, it was necessary to form a complaint upon this theory, and to make the other partner a party plaintiff, if willing to be joined as such; if not, he should be made a defendant with appellant. (*Cuyamaca Granite Co.* v. *Pacific Paving Co.,* 95 Cal. 252, 30 Pac. 525.)

One partner cannot maintain an action against a third person.  (*Sindelare* v. *Walker,* 137 Ill. 43, 31 Am. St. Rep. 353,

27 N. E. 59.) One partner cannot sue for his own share. (*Biglow* v. *Reynolds,* 68 Mich. 344, 36 N. W. 95. See *Williams* v. *Lewis,* 115 Ind. 45, 7 Am. St. Rep. 403, 17 N. E. 262.) One partner cannot maintain suit in replevin or trover against a partner; no more can one maintain such an action against a partner's assignee or transferee. (Pomeroy on Remedies and Remedial Rights, 2d ed., pp. 266-268, 270.) A single partner cannot demand a part of the assets. (George on Partnership, pp. 152, 301; Parsons on Contracts, 4th ed., p. 260, sec. 249.) A partner's right to partnership property is an ownership of all the assets of the firm, subject to the ownership of every other partner, all of the partners holding all of the property subject to the partnership debts. (Parsons on Partnership, 350.) It is clear, therefore, that the individual interest of one partner can only be ascertained by a settlement of the partnership. (*Bopp* v. *Fox,* 63 Ill. 540; *Chandler* v. *Lincoln,* 52 Ill. 74; *Menagh* v. *Whitehall,* 52 N. Y. 146, 11 Am. Rep. 683.) Until plaintiffs' actual interest had been determined, there can be no ascertainment of his damage. (*Buckmaster* v. *Gowen,* 81 Ill. 153; *Sweet* v. *Morrison,* 103 N. Y. 235, 8 N. E. 396.)

Where one partner transfers property of the firm, thereby defrauding his copartner, the defrauded partner cannot maintain an action at law to recover either the property or its value. (*Miller* v. *Price,* 20 Wis. 117; *Craig* v. *Hulschizer,* 34 N. J. L. 363; *Fenton* v. *Block,* 10 Mo. App. 536; *Reed* v. *Gould,* 105 Mich. 368, 55 Am. St. Rep. 353, 63 N. W. 415; *Halstead* v. *Shepard,* 23 Ala. 558; George on Partnership, 391; *Homer* v. *Wood,* 11 Cush. 62; *Farley* v. *Lovell,* 103 Mass. 387; *Weaver* v. *Rodgers,* 44 N. H. 112; *Grover* v. *Smith,* [approving *Homer* v. *Wood*], 165 Mass. 132, 52 Am. St. Rep. 506, 42 N. E. 555.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in conversion by one of two copartners against a third person to whom the other copartner sold the copartnership property. The copartnership consisted first of four members,

and then of two—the plaintiff and one Fleming—and was engaged in conducting a retail ice business in the city of Butte under the firm name of Consumers' Pure Ice Company.

The complaint alleges, in substance, that on May 14, 1900, the firm was the owner and possessed of sixteen hundred tons of ice, of the value of $3,200, the same being its entire stock in trade, upon which it carried on its business, and from which it supplied its patrons; that on or about the date aforesaid Fleming entered into a conspiracy with one Prebbles to get possession of, sell, and dispose of the firm's stock in trade, for the purpose of defrauding the plaintiff of his interest therein; that Fleming pretended to sell the same to Prebbles, but that the sale was without the plaintiff's consent and against his wishes; that Prebbles well knew that the plaintiff was the owner of a one-half interest therein, and also that it was the entire stock of the firm; that in pursuance of said fraudulent purpose, and in consummation of it, the said Prebbles sold and transferred the whole of the stock to the defendant corporation, which took possession of it and converted it to its own use with full knowledge of plaintiff's interest in it, and of the means by which Prebbles acquired his possession; that plaintiff, by reason of the premises, has been damaged in the sum of $1,600; and that, prior to the commencement of this action, plaintiff demanded of defendant payment of said amount, which was refused. Judgment is demanded for the value of plaintiff's interest.

The answer denies all the material allegations of the complaint, and alleges various matters affirmatively as defenses: That plaintiff was a traveling salesman, engaged in the pursuit of his business, and had entirely abandoned the copartnership business to Fleming; that at the time of the sale plaintiff had in the city of Butte a general agent (one Fitzgerald), who before the sale to Prebbles was consummated, notified the plaintiff that the same was about to be made, and that the plaintiff consented to it; that after the sale was made to defendant by Prebbles the plaintiff received a portion of the purchase price from Fleming as full compensation for his interest; that the

firm, notwithstanding the sale, still retained a large amount of other property, a part of its stock in trade; that the sale was made in order to meet outstanding obligations of the firm, but that nevertheless the business of the firm could have been continued as profitably as theretofore; and that the moneys derived from the sale were used to pay the debts of the firm. It is denied, also, that the interest of the plaintiff was at any time greater than a one-fourth. The replication joins issue upon all these allegations.

The plaintiff had a verdict and judgment in accordance with the prayer of his complaint. The defendant has appealed from the judgment and an order denying it a new trial.

1. The first point made by appellant is that the complaint is bad, in that it does not state sufficient facts, and in that there is a defect of parties plaintiff. It is conceded that, if it appeared that the plaintiff was the sole owner of the property, at the time of the conversion, the facts alleged would entitle him to recover; but it is said that, as it appears that he and Fleming were partners, the action should have been brought in the name of the firm or of all the partners, since one copartner may not sue in his own name for a conversion of the property of the firm by a stranger. It is also said that it does not appear that there had been an accounting between the parties and an ascertainment of the amount due the plaintiff, and that for this reason he cannot maintain the action. It may be remarked in passing that there is no statute authorizing an action to be brought in a copartnership or firm name. Section 590 of the Code of Civil Procedure has no application to parties plaintiff. (*Gilman* v. *Cosgrove,* 22 Cal. 357.)

One partner cannot sue his copartner at law to recover his share of the firm assets. The amount to which he is entitled always depends upon a settlement of the partnership affairs, and an adjustment of the balances between the partners. (*McMahon* v. *Thornton et al.,* 4 Mont. 46, 1 Pac. 724.) If upon dissolution the accounting and settlement is not made voluntarily, it may be enforced by suit in equity, but not by an ac-

tion at law, for the procedure at law is not adapted to an adjustment of the equities between the parties, and an ascertainment of balances depending generally upon a statement of extended and complicated accounts. Nor, for the same reason, may the purchaser of the interest of one of two or more copartners sue at law for his share. Nor, at the common law, could one partner maintain an action against a stranger for a conversion of the firm assets. The unity of ownership required all the partners to join in the action. (Pomeroy on Rights and Remedies, sec. 223.) But it is not useful to discuss the common-law rule.

The action was brought in pursuance of the provisions of section 3232 of the Civil Code, which declares: ''A partner, as such, has no authority to do any of the following acts, unless his copartners have wholly abandoned the business to him, or are incapable of acting: * * * (3) To dispose of the whole of the partnership property at once. * * * '' The theory adopted by the plaintiff is that the sale of the entire stock in trade by Fleming was wholly void, that defendant obtained no title to plaintiff's interest by his purchase from Prebbles, and that the result was a wrongful conversion of it, for which defendant may be held liable by him to the extent of his interest. We think this theory correct. The statute is meaningless unless it be so construed as to permit all the legitimate consequences to flow from the unauthorized sale.

The lack of authority in Fleming rendered the sale void as to plaintiff. Prebbles obtained no title to plaintiff's interest, and could not clothe the defendant with any better right than he himself had. Therefore both Prebbles and defendant became liable. It must follow, also, that the plaintiff is entitled to maintain the action without joining Fleming as coplaintiff. The wrongdoing copartner could not be heard to say that the sale was void as to him. This would be to permit him to allege and prove his own wrong as the ground of recovery. The sale, moreover, was valid as to his interest.

If plaintiff may not maintain the action, then there is no

means by which he may have a remedy for the wrong done him by his partner's violation of the statute. The wrong was done him by an invasion of his individual rights, not those of the firm or of the partners generally. The purpose of the action is to redress this wrong, and not to enforce the equities between the partners and to adjust their balances. Defendant cannot insist that the plaintiff shall pursue this course. It did not buy Fleming's interest in the partnership, as such. It purchased the property, and did not undertake to assume its possession subject to plaintiff's equities. It also thus became a wrongdoer, and cannot be heard to say that there must be a partnership accounting, and that plaintiff must be satisfied with the result of such an accounting. If it had bought Fleming's interest only in the partnership, its objection to the complaint would have been proper. As it is, and in so far as criticism is made of it, the pleading is sufficient to sustain the action, and is not open to the objection that there is a defect of parties plaintiff. The objections were made by general and special demurrer. The action of the court in overruling it was correct, as was also its action in overruling objections to the introduction of evidence on the ground that it is not alleged that there had been a settlement of accounts, and a balance ascertained. The rule insisted on by defendant is applicable only to cases where there has been a sale or assignment by one partner of his interest in the partnership business. The purchaser then becomes entitled to the surplus after a full accounting has been had. (*McMahon* v. *Thornton et al., supra; Menagh* v. *Whitwell,* 52 N. Y. 146, 11 Am. Rep. 683; *Sindelare* v. *Walker,* 137 Ill. 43, 31 Am. St. Rep. 353, 27 N. E. 59; *Walsh* v. *Adams,* 3 Denio, 125; Parsons on Partnership, 4th ed., 225 et seq.)

The statute, however, neither requires nor permits the application of this principle in an action of this character; and the measure of recovery is the market value of plaintiff's interest in the property, without reference to an accounting, or to the condition of the firm as to solvency. It was so held in *Walsh* v. *Adams, supra,* where a sheriff seized the goods of

a partnership in order to satisfy an execution against one of the partners and sold the entire stock, instead of the interest of the defendants in the execution. We can see no reason why the same rule should not apply under the statute. This view has been adopted by the supreme court of California under a statute identical in every particular with section 3232, *supra,* except that it does not apply to property consisting entirely of merchandise (*Carrie* v. *Cloverdale B. & C. Co.,* 90 Cal. 84, 27 Pac. 58), and with this view we agree. The case of *Waite* v. *Vinson et al.,* 14 Mont. 405, 36 Pac. 828, cited by counsel for defendant, is not in point, as we shall see later.

2. The foregoing remarks dispose of the contention of the defendant that the court erred in excluding all evidence tending to show that the firm was in debt, and the condition of the accounts between the partners. The purpose of the offer of this evidence was to show the value of the interest of plaintiff in the partnership; in other words, to show the amount of the detriment suffered by plaintiff. The measure of damages applicable is fixed by section 4333 of the Civil Code, as the reasonable value of the property at the date of the conversion, with interest from that time, or, in a proper case, the highest market value at any time between the conversion and the verdict, without interest, together, in each case, with fair compensation for the time and money properly expended in pursuit of the property. The evidence was neither relevant nor material as tending to establish the value of the property sold by Fleming, and subsequently delivered to the defendant.

Evidence was also offered tending to show that the amount received by Fleming from Prebbles was actually expended in liquidating the debts of the firm. The exclusion of this evidence is assigned as error. There is no merit in the assignment. *Waite* v. *Vinson, supra,* was an action for a partnership accounting, and to rescind a sale by one of the partners of a large portion of the partnership property for the purpose of liquidating the firm debts. It was there said: "If the price paid was the fair value of the property, and the purchase money

had been used to pay firm obligations, for which the complaining member was liable, or in part for that purpose, and in part had been retained by a partner found on an accounting entitled thereto, there would hardly be any material injury to the complaining member through the sale. It certainly would not be equitable to hold that the purchase price might be retained, and go to the liquidation of firm debts for which the complaining partner was liable, and at the same time set aside the sale, and deprive the purchaser of the property bought, without any restoration of the purchase money, as was done in this case.'' This passage is quoted by counsel for appellant as conclusive of its contention. The equitable principle stated has no application. This is not an action for an accounting between partners, nor to rescind the sale by which the defendant became possessed of the property. The defendant stands in no such relation to the firm as that it may demand a settlement of its affairs. If the rule should be held applicable, the result would follow that, though Fleming could not make a sale of the property so as to give defendant title as against the plaintiff, yet, by applying the proceeds of the sale to the discharge of the debts of the firm—his own as well as plaintiff's—and without the plaintiff's knowledge and consent, he would deprive the plaintiff of his right of action entirely, and that without reference to whether the sale was made to secure funds for that purpose or not.

While there is much plausibility in the argument that since the plaintiff has received benefit from the payment of his debts, which he was bound, in any event, to pay, he should not be heard to complain, yet to allow it way would defeat the purpose of the statute. There was evidence tending to show that the plaintiff some time after the sale received from Fleming $300, and that he accepted it with full knowledge of the sale, and that the amount was probably a part of the proceeds of it. This was properly admitted as tending to show ratification by plaintiff of Fleming's act. If the offer of the evidence in question had been broad enough to include knowledge and consent

on the part of the plaintiff to the appropriation of the funds to a discharge of the debts, if any, the evidence might have been admissible as a circumstance tending to show ratification, as might also evidence of the existence of such debts, which we have held properly excluded upon the theory upon which it was offered.  Fleming's action being entirely beyond the scope of his authority, ratification by the plaintiff could be accomplished only by his accepting the benefits of it with full knowledge of all the circumstances.  Upon the offer as made, the ruling was correct.

The defendant also offered to prove by the oral testimony of one of its witnesses the contents of the partnership agreement, the purpose being to show that, under its terms, Fleming had authority to make the sale.  It had not been shown that the writing was lost or destroyed.  This offer was rejected.  This ruling is assigned as error.  It is said that the court had permitted the plaintiff to prove its contents in part by oral testimony, over objection of defendant, though proper foundation had not been laid by a showing that the writing had been lost or destroyed, and that, since the plaintiff had been permitted to do this, it was error not to permit the defendant to prove other parts of it by the same means.  The record does not sustain the defendant's position.  While some of the plaintiff's witnesses were questioned about the agreement, no one of them undertook to state any of its contents.  Of this ruling the defendant has no cause to complain.

One Dunn, an employee of the defendant, who negotiated the purchase from Prebbles, being called as a witness by plaintiff, stated that the price paid for the ice by defendant was $3,200. On cross-examination he was asked by counsel for defendant if this price was fixed by the market value, the evident purpose being, as appears from other parts of his testimony, to show that the defendant paid Prebbles more than the market value of it in order to induce him to pay a considerable debt due from him to defendant, which it had theretofore regarded as not collectible.  The court did not permit the witness to answer.

This was error. While it was competent to prove the price paid, as a fact tending to show the market value, the defendant was not concluded by it. The witness should have been permitted to explain, if he could, and if such was the fact, why a price greater than the market price was paid, and his explanation should have gone to the jury together with all the other evidence as to value.

Many other errors are assigned upon rulings of the court admitting and excluding evidence. The questions involved are in all respects similar to those presented by assignments already noticed. What is said with reference to them will be sufficient guide to the court upon another trial.

3. Criticism is made of the instructions that the court nowhere in them told the jury that if they found from the evidence that the defendant purchased the ice from Prebbles in good faith, and without knowledge of any defect in his title, they should render a verdict in defendant's favor. This criticism proceeds upon the assumption that there was evidence tending to show that when the purchase was made the defendant had no knowledge of plaintiff's interest or of Fleming's wrongdoing, and that, if the jury found that such was the fact, the defendant was entitled to a verdict. The assumption is erroneous. The evidence, beyond question, shows that the agent of the defendant at the time of the purchase was fully aware of the fact that he was purchasing partnership property, and of the extent of plaintiff's interest therein, or at least that plaintiff had an interest therein as a member of the firm. But even if there had been evidence of defendant's want of knowledge and its good faith, it would not have justified the court in submitting to the jury such instructions as defendant desired. The inquiry as to good faith was wholly immaterial. Prebbles did not obtain title to plaintiff's interest, for the reason that Fleming had no authority to sell. A purchaser from him could get nothing more than he himself had. Therefore, the defendant stands upon no higher ground. Both Prebbles and defendant, in appropriating the property, violated plaintiff's rights, and

were equally guilty of a conversion of his interest in the property sold. Speaking generally, the instructions submitted were formulated upon this theory, and fairly covered the issues involved. One of them seems to imply that the court was of the opinion that defendant's good faith was a defense, but of this apparent inconsistency the defendant does not complain. We think the court's theory correct, and that the defendant's criticism is without merit.

Paragraph 9 of the instructions is in part as follows: "The amount paid by the Hennessy Mercantile Company for the ice is not controlling as to value, unless it appears from the evidence that the same was the reasonable value; but if the plaintiff is entitled to recover, he is entitled to recover his proportion, based upon the reasonable value of the ice, if it exceeds the amount paid by the Hennessy Mercantile Company, or, if not, then upon the amount paid by the Hennessy Mercantile Company for the ice." In the first part of this instruction the jury were told, and properly so, that they were not to be controlled in fixing the value by the price paid by defendant. Later they were told, in substance, that they might consider the evidence so far as it tended to show a greater value than the price paid; but if, upon the evidence, they could not find that the reasonable value was greater than the price paid, they were bound by the price paid, and must find accordingly, thus excluding from their consideration all evidence tending to show a smaller value. It distinctly invades the province of the jury by stating the weight they should attach to a particular portion of the evidence. It is inconsistent with itself and contradictory in statement—so much so that it is almost impossible to get from it a clear idea of what the court had in mind—and doubtless the jury were led by it to find as they did, that the ice was worth the price paid for it by defendant.

4. Contention is made that the evidence is wholly insufficient to sustain the verdict. We shall not undertake to analyze it and determine whether the contention is well founded, for the reason that there must be a new trial.

The judgment and order are reversed, and the cause is remanded, with direction to grant a new trial.

*Reversed and remanded.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.