## Julia Lachmann, Appellee, v. Nathan H. Benson et al., Appellants.

## Gen. No. 16,100.

PARTIES—*who may not maintain action of trespass.* One co-partner is not entitled to maintain an action of trespass for conspiracy, directed against and affecting the assets of the partnerships, which partnership has not been settled or adjusted.

Trespass on the case. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed January 17, 1912.

ALBERT H. MEADS, for appellants.

No appearance for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an action in trespass on the case begun by one partner against two defendants, one of whom was his copartner, charging a conspiracy between the defendants to wrongfully cause the foreclosure of a

chattel mortgage on the property of the firm and the sale of the property, and that as a result of such conspiracy the chattel mortgage was wrongfully foreclosed and the property of the firm sold, by means whereof the plaintiff was deprived of her interest in the property and business of the firm.

The plaintiff in the court below recovered a judgment for $2,250. From this judgment the defendants appealed.

There is neither proof nor averment that the partnership had been dissolved nor that any settlement or adjustment of the partnership affairs had been made nor that there were no outstanding obligations of the firm at the time the claimed cause of action accrued. The property of a firm is held by all the parties subject to the partnership debts. What the interest of any one partner in the property and assets of a partnership is cannot be ascertained, except by a settlement of the partnership and its affairs. The profits and good will of a partnership business is as much the assets of the partnership as is its tangible property. Sindelare v. Walker, 137 Ill. 43, and cases there cited.

Such damage, if any, as resulted from the wrongful foreclosure of the mortgage and the sale of the partnership property was, therefore, a damage to all of the partners jointly as a partnership, and not to the individual members thereof in severalty. There is no way of ascertaining what separate damage, if any, the plaintiff in this case sustained, until the value of her interest in the partnership is determined, and that cannot be ascertained in this proceeding.

We are fully satisfied that the plaintiff has neither in the averments in her declaration nor in the proof offered shown a right to recover.

The judgment of the court below, is therefore, reversed with a finding of facts to be incorporated in the

judgment of this court.

*Reversed with finding of facts.*

FINDING OF FACTS:

We find as ultimate facts in this case that the property which is the subject-matter of this litigation was, at the time suit was commenced and prosecuted, owned by the plaintiff and one of the defendants as co-partners; that there has been no dissolution of said partnership or any settlement between said partners with reference to said partnership property and business; and that plaintiff has sustained no separate or individual damage.